1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| Barbara Johnson, an individual, for herself and on behalf of and as pending Personal Representative of the Estate of Cassidy Stigler, | NO. |
| Plaintiff, | **CAPTION** |
| v. | |
| City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Russ Skinner and Jane Doe Skinner; James Jarvis II and Jane Doe Jarvis II, | |
| Defendant. | |

Exhibit:

    (A) Civil Cover Sheet

    (B) State Court Record

        Attachments:
        1. Supplemental Cover Sheet
        2. Recent State Court Docket
        3. Complaint
        4. Service Documents
        5. Remainder of the State Court Record
        6. Verification of Charles E. Trullinger

    (C) Superior Court Notice of Removal to the Federal District Court

# Exhibit B

# State Court Record

Attachments:
1. Supplemental Cover Sheet
2. Recent State Court Docket
3. Complaint
4. Service Documents
5. Remainder of State Court Record
6. Verification of DCA Pam Hostallero

# Exhibit B-1

## Supplemental Cover Sheet

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

1.      **Style of the Case:**
        Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
| Barbara Johnson | Plaintiff | Sean A. Woods<br>Robert T. Mills<br>Mills + Woods Law, PLLC<br>5055 North 12th Street, Suite 101<br>Phoenix, Arizona 85014<br>Ph. 480-999-4556<br>docket@millsandwoods.com<br>swoods@millsandwoods.com |
| City of Phoenix, a government entity<br>James Jarvis | Defendant | |
| County of Maricopa, a governmental entity<br>Russ Skinner | Defendan | Pamela A. Hostallero<br>Michael E. Gottried<br>Maricopa County Attorney<br>225 W. Madison Street<br>Phoenix, Arizona 85003<br>480-506-7667<br>hostallp@mcao.maricopa.gov<br>gottfrim@mcao.maricopa.gov |

2.      **Jury Demand:**
        Was a Jury Demand made in another jurisdiction?     Yes  ⦿          No  ◯
        If "Yes," by which party and on what date?

_____          _____

3.      **Answer:**
        Was an Answer made in another jurisdiction?     Yes  ◯          No  ⦿
        If "Yes," by which party and on what date?

_____          _____

4.      **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
| City of Phoenix<br>James Jarvis | Sept 30, 2024 | Process Service |
| Maricopa County<br>Russ Skinner | Sept 30, 2024 | Process Service |
|  |  |  |

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|
|  |  |
|  |  |
|  |  |

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|
|  |  |
|  |  |
|  |  |

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|---|---|
| Plaintiff | Count I - Violation of Civil Rights under the 14th amendment and 42 U.S.C 1983 |
| Plaintiff | Count II - Negligence and Gross Negligence |
| Plaintiff | Count III - Cruel and Unusual Punishment |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

# Exhibit B-2

Recent State Court Docket
Case CV2023-012867

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | CV2024-024836 | **Judge:** | Warner, Randall |
| **File Date:** | 9/9/2024 | **Location:** | Downtown |
| **Case Type:** | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Barbara Johnson | Plaintiff | Female | Sean Woods |
| Estate Of Cassidy Stigler, The | Plaintiff | | Sean Woods |
| City Of Phoenix | Defendant | | Pro Per |
| County Of Maricopa | Defendant | | Pro Per |
| Russ Skinner | Defendant | Male | Pro Per |
| James Jarvis | Defendant | Male | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/2/2024 | AMS - Affidavit Alternative Method of Service | 10/4/2024 | |
| **NOTE:** | CITY OF PHOENIX | | |
| 10/2/2024 | AFS - Affidavit Of Service | 10/4/2024 | |
| **NOTE:** | COUNTY OF MARICOPA | | |
| 10/2/2024 | AFS - Affidavit Of Service | 10/4/2024 | |
| **NOTE:** | RUSS SKINNER | | |
| 9/9/2024 | COM - Complaint | 9/10/2024 | |
| **NOTE:** | Plaintiffs' Complaint | | |
| 9/9/2024 | CSH - Coversheet | 9/10/2024 | |
| **NOTE:** | Civil Cover Sheet | | |
| 9/9/2024 | CCN - Cert Arbitration - Not Subject | 9/10/2024 | |
| **NOTE:** | Certificate Of Compulsory Arbitration - Is Not Subject To | | |
| 9/9/2024 | SUM - Summons | 9/10/2024 | |
| **NOTE:** | Summons | | |
| 9/9/2024 | SUM - Summons | 9/10/2024 | |
| **NOTE:** | Summons | | |
| 9/9/2024 | SUM - Summons | 9/10/2024 | |
| **NOTE:** | Summons | | |
| 9/9/2024 | SUM - Summons | 9/10/2024 | |
| **NOTE:** | Summons | | |
| 9/9/2024 | SUM - Summons | 9/10/2024 | |
| **NOTE:** | Summons | | |
| 9/9/2024 | SUM - Summons | 9/10/2024 | |
| **NOTE:** | Summons | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|---|---|---|---|---|---|
| No records found. | | | | | |

# Exhibit B-3

Plaintiff's Complaint filed September 30, 2024

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480299

Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

<div style="text-align:left; writing-mode:vertical">MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556</div>

## IN THE MARICOPA COUNTY SUPERIOR COURT

## OF THE STATE OF ARIZONA

| | |
|---|---|
| BARBARA JOHNSON, an individual, for herself and on behalf of and as pending Personal Representative of The Estate of Cassidy Stigler,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PHOENIX, a governmental entity; COUNTY OF MARICOPA, a governmental entity; RUSS SKINNER and JANE DOE SKINNER; JAMES JARVIS II and JANE DOE JARVIS II,<br><br>Defendants. | No: **CV2024-024836**<br>**PLAINTIFFS' COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiffs Barbara Johnson ("Barbara"), and the Estate of Cassidy Stigler ("Cassidy"), by and through their attorneys, Mills + Woods Law PLLC, for their Complaint against Defendants City of Phoenix ("City"), Maricopa County ("Maricopa"), Russ Skinner ("Skinner") and Jane Doe Skinner, and James Jarvis II ("Jarvis") and Jane Doe Jarvis II, (collectively "Defendants") allege and state as follows:

## **INTRODUCTION**

1.      Cassidy Stigler was a young and vibrant 22-year-old.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

2.      She made mistakes, was arrested, and was booked into the Intake Transfer and Release Jail ("ITR") on September 8, 2023.

3.      During her arrest by Phoenix Police, she was – upon information and belief – beaten, thrown to the ground, and had her head smashed into the ground multiple times.

4.      She was a loving daughter, sister, and mother who doted on her family, providing emotional and financial support to them.

5.      She had her whole life ahead of her and was trying her best to get back on her feet.

6.      Ms. Stigler's booking number was G044511 and her date of birth was 09/26/2000.

7.      Ms. Stigler arrived at ITR on September 8, 2023 and was transported to the hospital on or about September 9, 2023 due to injuries she suffered from Defendants' actions or inactions.

8.      She died from these injuries on September 9, 2023.

9.      Despite the submission of multiple records' requests via Arizona Public Records laws, A.R.S. §§ 39-121, et seq., Defendants have not fully complied with the records' requests, and Plaintiffs are forced to file this Complaint without the benefit of records squarely in the custody and control of Defendants – in violation of Arizona Public Records law.

## THE PARTIES

10.     Plaintiff Barbara is an adult individual who resides in Maricopa County, Arizona.

11.     Barbara is next of kin, mother to Cassidy Stigler ("Cassidy"), and the pending Personal Representative for Plaintiff the Estate of Cassidy Stigler ("Estate").

2

12.     Defendant Maricopa is a governmental entity that acts by and through its officials, employees and agents, including without limitation Maricopa County Correctional Healthcare Services ("CHS"), and each of CHS' employees.

13.     Defendant City is a governmental entity that acts by and through its officials, employees and agents, including without limitation Jarvis.

14.     Defendant Sheriff Russ Skinner is sued in his official and individual capacity. He was tasked with oversight of the Maricopa County Sheriff's Office ("MCSO") and was responsible for all policies and procedures promulgated by the MCSO. Skinner is responsible for MCSO officials, employees and agents.

15.     He is an agent of Maricopa and the MCSO, operating in his official and individual capacity in Maricopa County, Arizona.

16.     Defendant Jarvis is upon information and belief employed by and serving as an agent of the City. At all relevant times he was operating in his official and individual capacity in Maricopa County, Arizona.

17.     Defendant Maricopa is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of CHS, and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiffs as a result of violations of the Arizona Constitution and Arizona common law because, at all relevant times, those Defendants were acting within the course and scope of their employment or contract with CHS, or entities privately contracted with  CHS.

18.     Defendant City is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of the City and the Phoenix Police Department, and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiffs as a result of

3

violations of the Arizona Constitution and Arizona common law because, at all relevant times, those Defendants were acting within the course and scope of their employment or contract with the City, or entities privately contracted with the City.

19.     For purposes of Plaintiffs' claims arising under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et seq*., and as may be relevant to Plaintiff's state law claims, at all relevant times described herein, Defendants were acting under color of state law.

## JURISDICTION AND VENUE

20.     Pursuant to 42 U.S.C. §1983 *et seq.*, Plaintiffs bring this action for violations of the United States Constitution, including without limitation the Fourth, Eighth, and Fourteenth Amendments and Arizona common and statutory laws.

21.     The amount in controversy exceeds the minimal jurisdictional limits of this Court.

22.     To the extent applicable, and without conceding that said statute applies, Plaintiffs have served their Notice of Claim upon Defendants in compliance with A.R.S. §12-821.01, *et seq.* More than sixty (60) days have expired since Plaintiffs served their Notice of Claim and Defendants have not responded in any manner to said Notice of Claim.

23.     Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

24.     Venue is proper in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

4

25.    On September 8, 2023, Phoenix Police officers arrested Cassidy for a misdemeanor warrant and the alleged possession of narcotic drugs and drug paraphernalia.

26.    Phoenix Police Officers alleged Cassidy resisted arrest and a violent confrontation ensued.

27.    Officer Jarvis violently attacked Cassidy.

28.    During that confrontation, Cassidy's head struck the pavement multiple times.

29.    Cassidy was 5'3" and only 100 lbs.

30.    It is inconceivable that Cassidy posed any threat to Phoenix Police Officers – including Jarvis – during her arrest and alleged resistance thereto to warrant her injuries.

31.    Upon information and belief, after the Phoenix Police Officers subdued Cassidy, she was treated by EMS with Narcan and taken to St. Joseph's Hospital for approximately nine hours.

32.    Afterwards, Cassidy was released into Phoenix Police Department custody and booked into jail.

33.    Cassidy was transferred to the ITR.

34.    Upon her arrival, she was designated a suicide risk and placed into a safe cell for round the clock monitoring.

35.    In her CHS file, she was supposed to have hourly nurse check-ins:

> Safe Cell Placement
> Potential suicide watch with 2 blankets.
> MHP follow ups
> ***Perform hourly nurse welfare checks per protocol***.
> Continuous video monitoring via monitor tech.
>
> (emphasis added).

36.    In her CHS file, it is noted under "Education":

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

5

> Pt is informed about the safe cell check procedure.
>
> Patient encouraged to answer when their name is called and **keep face uncovered to prevent green blanket from being removed.**
>
> Patient also encouraged to accept water when water is offered to promote adequate hydration.

(emphasis added).

37.     The only video obtained starts at 11:59:56 AM on September 9, 2024 and runs until 1:50:31 A.M.

38.     In that video, Cassidy can be seen fully covered by the green blanket – including her face.

39.     In the entire nearly two hours, Cassidy never uncovers her face as required by MCSO/CHS policies.

40.     From 11:59:56 AM until 12:27 P.M., Cassidy can be seen moving under the blanket.

41.     At 12:27 P.M., Cassidy stops moving entirely.

42.     From that point on, Cassidy never moves in the slightest.

43.     MCSO and CHS employees do not check on Cassidy until 13:39 when deputies enter her cell and immediately roll her over and remove the blanket.

44.     They begin performing CPR.

45.     For one hour and 12 minutes (1:12), Cassidy had been unresponsive and had not had any movement whatsoever.

46.     She was supposed to be on constant video surveillance.

47.     She was noted as a danger to herself and others.

48.     She was noted as a suicide risk.

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

6

49.     MCSO and CHS employees **knew** she had been taken to the hospital upon her intake because of fentanyl overdose and other drugs.

50.     MCSO and CHS employees **knew** she was given Narcan on September 8, 2023 and had been taken to the hospital for apparent head injuries.

51.     MCSO and CHS employees **knew** she was having severe withdrawal symptoms and was placed on Opiate protocol.

52.     In fact, in her CHS files, on 9/8/2023 at 11:19 P.M., a suicide risk assessment was completed with the following notes:

> Pt seen cell side due to reports of wanting to hurt herself, pt reports that she 'just can't do it anymore' says that she is 'going crazy' in the cell, says that she wants to kill herself and 'has her ways' when asked how. Pt says that she has attempted before by jumping off the 2nd tier while in custody. Pt reports that she is withdrawing from fentanyl, writer explains the SC process, pt understands.

53.     At that very moment – because MCSO and CHS employees have access to and are required to review medical notes – MCSO and CHS employees were charged with making sure that Cassidy was medically attended to, to treat her withdrawals and to continually monitor Cassidy for symptoms – including potential suicide.

54.     Yet, despite knowing these issues existed, and despite appreciating a risk of severe harm – or death – if Cassidy was not properly monitored and treated, MCSO and CHS employees made the conscious decision to ignore the obvious signs of medical distress.

55.     Cassidy told MCSO and CHS employees that she "can't do it anymore" and that she "has her ways" of killing herself.

56.     MCSO and CHS employees can be seen briefly viewing Cassidy through the window in the door of her cell at 12:31 P.M., 12:34 P.M, 12:35 P.M., and 12:45 P.M.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

57.     At 12:53 P.M., MCSO and/or CHS employees saunter past Cassidy's cell without checking on her.

58.     From 12:54 until 12:57, MCSO and/or CHS employees spend time with the inmate in a safe cell next to Cassidy's – ignoring Cassidy's cell.

59.     At 13:00:28, an MCSO employee walks by Cassidy's cell, writes on the clipboard, and for a couple of seconds looks into Cassidy's cell and moves on.

60.     From 13:07 until 13:10, MCSO and CHS employees check vitals on the inmate in the cell next to Cassidy.

61.     That inmate is upright and responding to MCSO and CHS employees out of his cell and then is taken to another location.

62.     At 13:17:15, an MCSO employee can be seen looking in Cassidy's cell for 8 seconds, then writes on her clipboard and moves on.

63.     At 13:20, an MCSO/CHS employee wanders down the hall and checks on other cells – not Cassidy's.

64.     At 13:27:30, an MCSO employee wanders down the hallway and briefly peeks into Cassidy's cell and moves on.

65.     At 13:30 multiple MCSO and/or CHS employees walk down the hallway and do not look into Cassidy's cell.

66.     At 13:32:14, an MCSO and CHS employee come to Cassidy's door and open it.

67.     While the CHS employee is attempting to talk to Cassidy, another employee walks by and they talk with each other laughing about something.

68.     At 13:33:23 – apparently because she was getting no response from Cassidy – the CHS employee kicks the door to Cassidy's cell multiple times.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

8

69.     At 13:33:48, the CHS employee picks up her stool and walks away from Cassidy's cell.

70.     At 13:33:53, the CHS employee is smiling and says something to another employee and continues walking away.

71.     For the next few minutes, until 13:37, nobody approaches Cassidy's cell.

72.     During that time an MCSO employee can be seen yawning and wandering around, apparently aimlessly.

73.     At 13:37:57, after having tried to talk to Cassidy, an MCSO guard retrieves multiple MCSO and CHS employees to come to Cassidy's cell.

74.     For the next two minutes, they attempt to talk to Cassidy.

75.     At 13:39, they open her cell.

76.     By the time MCSO and CHS officials arrived at her cell – after one hour and twelve minutes had elapsed with absolutely no signs of movement from Cassidy – potential life saving medical care was ineffective and led directly to her death.

77.     On September 9, 2023, Cassidy was found dead, face down in her cell, with visible injuries to her head, neck, and other areas of her body.

78.     The post-mortem photos of Cassidy taken by the family are very disturbing.

79.      Based on these photos, it seems that Cassidy suffered blunt force trauma to her forehead and jaw, as well as injuries to her neck.

80.     The Medical Examiner Report found the following external evidence of injury:

- Over the anterior right forehead is a crusted 3.0 x 0.8 cm brown abrasion.
- Over the shoulders bilaterally are crusted brown abrasions up to 6.0 cm in greatest dimension.
- Over the posterior neck are two rounded crusted brown wounds up to
- 0.6 cm in greatest dimension.
- Over the left elbow is a crusted ovoid 2.0 cm abrasion.
- Over the lateral right lower leg are a few irregular crusted brown abrasions over a 5.0 cm area.

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

9

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## MARICOPA AND MCSO HAVE AN ASTONISHINGLY HIGH DEATH RATE

81.     Deaths in Maricopa County's jail systems have skyrocketed at a rate that is far more than jail systems around the country – even those with more inmates.

82.     From an article posted on August 5, 2024[1], "A review by The Arizona Republic of Maricopa County's in-custody jail deaths from 2019 through 2023, the most recent year available, found that the death rate was among the highest of major jail systems in the country."

83.     The article continues "Scholars who study in-custody deaths in U.S. jails and prisons said those numbers are incredibly high when compared with similarly sized jail systems and even jails with much larger populations. 'Astronomical,' in the words of one researcher."

84.     The leading causes of death in MCSO and Maricopa jails are drug overdoses, drug withdrawals, and suicides.

85.     Furthermore, Maricopa County's jails remain understaffed, according to the current and former Sheriff's Office administrations, which has hindered operations and challenged efforts to maintain safe conditions.

86.     According to the article:

Sheriff Russ Skinner said his office is taking proactive steps to address deaths in the jail. "MCSO, in partnership with Correctional Health Services, work closely to monitor our jail facilities as well as review each incident involving attempted overdoses and attempted suicides, including those that result in the death of an inmate," Skinner said in a statement. "In addition to the recent projects implemented involving training, scanners, prevention services through our tablet program, and narcotic K9s in our jail facilities, we are working to enhance additional services through the use of medical monitoring technology," the sheriff said. "We will remain vigilant and proactive in the effort to connect inmates to needed services and prevention programs.

---

[1] Retrieved from:
https://www.azcentral.com/story/news/local/phoenix/2024/08/05/investigation/

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

87.     The article continues:

Deaths have skyrocketed in Maricopa County jails in recent years, even while the average daily population has decreased. The number of deaths in the Maricopa County jails nearly quadrupled in three years. In 2019, there were 11 deaths in the jails. In 2022 and 2023, there were 43 deaths each year. The average daily population was 6,829 in 2019. Like most jail systems, Maricopa County's jails saw their population decrease during the pandemic to an average daily population of 5,433 in 2020. The numbers have steadily risen since then but have still not reached pre-pandemic levels. The average daily population in 2023 was 6,569.

88.     The article continues:

In 2019, the most recent year the bureau calculated jail mortality, there was an average of 167 deaths per 100,000 inmates in county jails in America. The death rate in Maricopa County jails in 2019 was 161 per 100,000, slightly lower than the national average. ***But that rate quadrupled in just three years to 678 in 2022.***

(emphasis added).

89.     Cassidy's death coincided with the astronomical uptick in jail deaths with MCSO and CHS.

90.     Cassidy was classified as a suicide risk and was a known opiate abuser – she was taken to the hospital upon her arrival at MCSO facilities due to exactly this.

91.     She was put on opiate protocols.

92.     The article quotes a number of scholars including Andrea Armstrong, professor at Loyola University New Orleans College of Law:

"I feel confident in saying the mortality rate in Maricopa County jails is astronomical," Armstrong said. She said the sustained increase in Maricopa County jail deaths from 2019- 23 was concerning. "In some cases, in some jails, we do sometimes see a spike in deaths, but then it comes back down," she said. "In Maricopa County, the deaths have been exponentially increasing each year."

11

93.     Jay Aronson, a professor at Carnegie Mellon University who co-authored a book published September 5, 2023, and titled "Death in Custody, How America Ignores the Truth and What We Can Do about It" said:

> the steep increase in deaths in the Maricopa County jails seemed almost impossible to believe. "I can't tell you exactly what's going on, but there are a hell of a lot of people dying," Aronson said. Based on the causes of death provided by the jails and medical examiner, Aronson said **he would advise the county to review its policies for drug withdrawal treatment and suicide prevention**. "The raw number of deaths and the **suicides are really, really high**," Aronson said. "And the mortality rate is significantly higher than the national average."

(emphasis added).

94.     MCSO's and CHS' patterns, customs, and practices have led to this "astronomical" rise in deaths.

95.     MCSO and CHS knew and continue to know they have a problem with their patterns, customs, practices, and policies.

96.     They hid multiple deaths from their reported numbers. For example, they did not include in reported inmate death numbers inmates who died in a hospital or who received a compassionate release because death was imminent.

## COUNT I

## Violation of Civil Rights Under the Fourteenth Amendment

## and 42 U.S.C. § 1983.

(*Against Jarvis*)

97.     Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

98.     The Fourteenth Amendment to the United States Constitution, forbids one who acts under color of state law from failing to protect from harm a pre-trial detainee in their care, custody and control.

99.     At all relevant times, Defendants were acting under color of law.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

12

100.     At all relevant times, Cassidy was in the care, custody and control of Defendants.

101.     42 U.S.C. § 1983 provides individuals with a cause of action to sue for violations of his or her constitutional rights. The 14th Amendment protects individuals from constitutional violations of State and local authorities. As incorporated by the 14th Amendment, the 4th Amendment protects individuals from the use of excessive force by law enforcement officers. Jarvis, while acting in his official capacity and individual capacities and under the color of law, violated Cassidy's rights to freedom from unreasonable seizures.

102.     Jarvis acted willfully, knowingly, and with specific intent to deprive Cassidy of her rights under the Fourth Amendment of the United States Constitution, including her right to be secure in her person and free from the use of unreasonable force and seizure.

103.     Jarvis acted unreasonably by using unnecessary excessive forced as described herein.

104.     Cassidy was not capable of resisting arrest.

105.     She was 5' 3" and 100 pounds.

106.     Cassidy was unarmed.

107.     Despite the clear evidence that Cassidy was unarmed, Jarvis used force which was objectively unreasonable under the totality of the circumstances.

108.      Cassidy's injuries to her head and body were the direct result of the Jarvis' actions and inactions.

109.     Additionally, the acts of Jarvis, as set forth above, demonstrate gross and wanton negligence in that he knew or had reason to know that his created an unreasonable risk of bodily harm to Cassidy and a high probability that substantial harm would result.

110.     In causing the injuries to Cassidy, Jarvis acted with an evil mind and a malignant heart warranting an award of punitive damages.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

13

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## COUNT II

### Negligence and Gross Negligence

(*Against the City, Maricopa, and Skinner*)

111.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

112.    At all relevant times, each and every Defendant had an individual and collective duty to exercise ordinary care for the safety of Cassidy.

113.    This includes taking certain actions and refraining from other actions such that the Jail was operated in a manner that maintained effective custody and control over inmates in a safe, secure and humane environment.

114.    This includes properly assessing whether de-escalation techniques should be used versus excessive force by Jarvis.

115.    Defendants had a duty to assure the safety and well-being of Cassidy while in their care, custody and control, a duty that included, without limitation, providing proper, appropriate and timely medical care to Cassidy.

116.    Defendants breached their duties to Cassidy, as identified in the allegations set forth in the paragraphs above.

117.    Despite being the sole caretakers of Cassidy, Defendants' employees were negligent and grossly negligent by failing to properly provide medical care, and failing to properly monitor Cassidy for signs of severe medical symptoms that would have saved Cassidy's life.

118.    Defendants breached that duty systematically and repeatedly, including their acts and omissions set forth above, resulting in the Jail being operated in a manner such that presented a grave and imminent danger to Cassidy.

119.    Jarvis breached that duty by failing to use de-escalation techniques and failing to use arrest techniques that did not involve a violent physical confrontation with Cassidy.

120.    Because Cassidy was sitting and talking with Jarvis, multiple other options were available to Jarvis – including calling for backup, peacefully discussing the situation

14

with Cassidy, and/or using all available de-escalation techniques to initiate and finalize a peaceful arrest.

121.    As a direct and proximate result of Defendants' breach, Cassidy sustained severe and permanent injuries and eventually lost her life.

122.    Defendants' acts and omissions to act set forth above, also demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Cassidy and a high probability that substantial harm would result.

123.    Despite being assigned to monitor the security and welfare of the inmates housed in the Jail, Defendants were negligent and grossly negligent in their failure to perform their required duties in conducting inmate checks during the time Cassidy was dying.

124.    Defendants undertook a duty to provide adequate supervision and classification to the inmates of the Jail. This includes (1) the duty to supervise all of its employees and agents, and (2) the duty to ensure that its employees and agents satisfy all federal, state, and applicable industry standards.

125.    Defendants breached their duties, as identified by the allegations set forth in the paragraphs above, by among things and without limitation willfully participating in a practice or custom that denied Cassidy adequate monitoring, and by ratifying improper conditions, customs, policies, procedures and/or practices that jeopardized the safety of Cassidy.

126.    Additionally, Defendant Maricopa is vicariously liable for the acts and omissions of their employees, including without limitation those employees listed herein as defendants.

127.    Additionally, Defendant City is vicariously liable for the acts and omissions of their employees, including without limitation those employees listed herein as defendants.

128.    As a direct and proximate result of the negligent actions of Defendants and their employees and agents, Cassidy suffered an untimely and preventable death.

15

129.     Additionally, the Sheriff is responsible for the actions of MCSO employees. Accordingly, Skinner is vicariously liable for the acts and omissions of MCSO employees, including without limitation those employees listed herein as defendants.

## COUNT III

## CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – *Monell* – POLICY, CUSTOM AND PRACTICE

*(Maricopa, Skinner)*

130.     Plaintiffs incorporate by reference all previous allegations as fully set forth herein.

131.     As previously explained, U.S.C. § 1983 provides individuals with a cause of action to sue for violations of their constitutional rights.

132.     Defendant Maricopa and Defendant Skinner's acts or failure to act deprived Cassidy of her constitutional rights.

133.     As described herein, MCSO and Maricopa's jails have an astronomical number of deaths compared to other jail systems in the country – including larger systems such as Los Angeles County and Cook County Illinois.

134.     The patterns, customs, and practices employed in Maricopa and MCSO jail and jail health environments are such that present a substantial risk of serious harm to all inmates who are battling drug overdoses, withdrawals, and suicidal actions.

135.     The sheer number of deaths have caused scholars to opine that they would advise the county to review its policies for drug withdrawal treatment and suicide prevention, because "[t]he raw number of deaths and the suicides are really, really high, . . . And the mortality rate is significantly higher than the national average."

136.     Cassidy's death occurred during this scrutinized period. She was but one of many who died while reeling from severe opioid withdrawals.

137.     It is unquestionable that there is a systemic failure by Maricopa and Skinner by ratifying customs, practices, patterns and policies that deliberately go against the standards of care medically, and also deprive individuals of their Constitutional Rights.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

16

138.     These failures have allowed, supported, and established the commonplace lack of medical treatment and monitoring that leads to the "astronomical" death rate and creates a substantial risk of serious harm to individuals such as Cassidy.

139.     Therefore, the established customs and practices led directly to the death of Cassidy.

140.     Maricopa and Skinner are liable for Cassidy's death due to its established policy, customs, patterns, and practices.

## JURY TRIAL DEMAND

141.     Plaintiffs hereby demand a jury trial in this matter as to all claims and against all Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that the Court enter judgment against the Defendants and in favor of the Plaintiffs, as follows:

a)   For compensatory, general and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial;

b)   For all other non-pecuniary damages as to be proven at trial;

c)   For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

d)   For pre-and post judgment interest to the extent provided by law;

e)   For Plaintiffs' incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

f)   For such other relief as this Court may deem proper.

///

///

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

**RESPECTFULLY SUBMITTED** this 9th day of September 2024.


MILLS + WOODS LAW, PLLC


By_____/s/ Sean A. Woods_____
    Sean A. Woods
    Robert T. Mills
    5055 North 12th Street, Suite 101
    Phoenix, Arizona 85014
    *Attorneys for Plaintiffs*


**ORIGINAL** filed this 9th day of September 2024
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court.


_____/s/ Ben Dangerfield_____

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

18

# Exhibit B-4
Service Documents

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480303

**SUPERIOR COURT OF ARIZONA**
IN MARICOPA COUNTY

Case Number: **CV2024-024836**

Barbara Johnson, et al.
_____
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
_____
Name of Defendant

| WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** County of Maricopa
_____
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10176560

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 09, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *M. SALDANA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480301

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Barbara Johnson, et al.<br>Plaintiff(s),<br>v.<br>City of Phoenix, et al.<br>Defendant(s). | Case No.  **CV2024-024836**<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.


RESPECTFULLY SUBMITTED this  September 09, 2024


By:  Sean A. Woods /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #10176580

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480299

Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# IN THE MARICOPA COUNTY SUPERIOR COURT

## OF THE STATE OF ARIZONA

| | |
|---|---|
| BARBARA JOHNSON, an individual, for herself and on behalf of and as pending Personal Representative of The Estate of Cassidy Stigler, | No:  **CV2024-024836**  **PLAINTIFFS' COMPLAINT** |
| Plaintiffs, | |
| vs. | (JURY TRIAL DEMANDED) |
| CITY OF PHOENIX, a governmental entity; COUNTY OF MARICOPA, a governmental entity; RUSS SKINNER and JANE DOE SKINNER; JAMES JARVIS II and JANE DOE JARVIS II, | |
| Defendants. | |

Plaintiffs Barbara Johnson ("Barbara"), and the Estate of Cassidy Stigler ("Cassidy"), by and through their attorneys, Mills + Woods Law PLLC, for their Complaint against Defendants City of Phoenix ("City"), Maricopa County ("Maricopa"), Russ Skinner ("Skinner") and Jane Doe Skinner, and James Jarvis II ("Jarvis") and Jane Doe Jarvis II, (collectively "Defendants") allege and state as follows:

## **INTRODUCTION**

1.      Cassidy Stigler was a young and vibrant 22-year-old.

2.      She made mistakes, was arrested, and was booked into the Intake Transfer and Release Jail ("ITR") on September 8, 2023.

3.      During her arrest by Phoenix Police, she was – upon information and belief – beaten, thrown to the ground, and had her head smashed into the ground multiple times.

4.      She was a loving daughter, sister, and mother who doted on her family, providing emotional and financial support to them.

5.      She had her whole life ahead of her and was trying her best to get back on her feet.

6.      Ms. Stigler's booking number was G044511 and her date of birth was 09/26/2000.

7.      Ms. Stigler arrived at ITR on September 8, 2023 and was transported to the hospital on or about September 9, 2023 due to injuries she suffered from Defendants' actions or inactions.

8.      She died from these injuries on September 9, 2023.

9.      Despite the submission of multiple records' requests via Arizona Public Records laws, A.R.S. §§ 39-121, et seq., Defendants have not fully complied with the records' requests, and Plaintiffs are forced to file this Complaint without the benefit of records squarely in the custody and control of Defendants – in violation of Arizona Public Records law.

## THE PARTIES

10.      Plaintiff Barbara is an adult individual who resides in Maricopa County, Arizona.

11.      Barbara is next of kin, mother to Cassidy Stigler ("Cassidy"), and the pending Personal Representative for Plaintiff the Estate of Cassidy Stigler ("Estate").

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

2

12.     Defendant Maricopa is a governmental entity that acts by and through its officials, employees and agents, including without limitation Maricopa County Correctional Healthcare Services ("CHS"), and each of CHS' employees.

13.     Defendant City is a governmental entity that acts by and through its officials, employees and agents, including without limitation Jarvis.

14.     Defendant Sheriff Russ Skinner is sued in his official and individual capacity. He was tasked with oversight of the Maricopa County Sheriff's Office ("MCSO") and was responsible for all policies and procedures promulgated by the MCSO. Skinner is responsible for MCSO officials, employees and agents.

15.     He is an agent of Maricopa and the MCSO, operating in his official and individual capacity in Maricopa County, Arizona.

16.     Defendant Jarvis is upon information and belief employed by and serving as an agent of the City. At all relevant times he was operating in his official and individual capacity in Maricopa County, Arizona.

17.     Defendant Maricopa is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of CHS, and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiffs as a result of violations of the Arizona Constitution and Arizona common law because, at all relevant times, those Defendants were acting within the course and scope of their employment or contract with CHS, or entities privately contracted with  CHS.

18.     Defendant City is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of the City and the Phoenix Police Department, and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiffs as a result of

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

violations of the Arizona Constitution and Arizona common law because, at all relevant times, those Defendants were acting within the course and scope of their employment or contract with the City, or entities privately contracted with the City.

19.     For purposes of Plaintiffs' claims arising under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et seq.*, and as may be relevant to Plaintiff's state law claims, at all relevant times described herein, Defendants were acting under color of state law.

## JURISDICTION AND VENUE

20.     Pursuant to 42 U.S.C. §1983 *et seq.*, Plaintiffs bring this action for violations of the United States Constitution, including without limitation the Fourth, Eighth, and Fourteenth Amendments and Arizona common and statutory laws.

21.     The amount in controversy exceeds the minimal jurisdictional limits of this Court.

22.     To the extent applicable, and without conceding that said statute applies, Plaintiffs have served their Notice of Claim upon Defendants in compliance with A.R.S. §12-821.01, *et seq.* More than sixty (60) days have expired since Plaintiffs served their Notice of Claim and Defendants have not responded in any manner to said Notice of Claim.

23.     Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

24.     Venue is proper in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

4

25.     On September 8, 2023, Phoenix Police officers arrested Cassidy for a misdemeanor warrant and the alleged possession of narcotic drugs and drug paraphernalia.

26.     Phoenix Police Officers alleged Cassidy resisted arrest and a violent confrontation ensued.

27.     Officer Jarvis violently attacked Cassidy.

28.     During that confrontation, Cassidy's head struck the pavement multiple times.

29.     Cassidy was 5'3" and only 100 lbs.

30.     It is inconceivable that Cassidy posed any threat to Phoenix Police Officers – including Jarvis – during her arrest and alleged resistance thereto to warrant her injuries.

31.     Upon information and belief, after the Phoenix Police Officers subdued Cassidy, she was treated by EMS with Narcan and taken to St. Joseph's Hospital for approximately nine hours.

32.     Afterwards, Cassidy was released into Phoenix Police Department custody and booked into jail.

33.     Cassidy was transferred to the ITR.

34.     Upon her arrival, she was designated a suicide risk and placed into a safe cell for round the clock monitoring.

35.     In her CHS file, she was supposed to have hourly nurse check-ins:

> Safe Cell Placement
> Potential suicide watch with 2 blankets.
> MHP follow ups
> ***Perform hourly nurse welfare checks per protocol***.
> Continuous video monitoring via monitor tech.
>
> (emphasis added).

36.     In her CHS file, it is noted under "Education":

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

5

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

> Pt is informed about the safe cell check procedure.
>
> Patient encouraged to answer when their name is called and **keep face uncovered to prevent green blanket from being removed.**
>
> Patient also encouraged to accept water when water is offered to promote adequate hydration.
>
> (emphasis added).

37.     The only video obtained starts at 11:59:56 AM on September 9, 2024 and runs until 1:50:31 A.M.

38.     In that video, Cassidy can be seen fully covered by the green blanket – including her face.

39.     In the entire nearly two hours, Cassidy never uncovers her face as required by MCSO/CHS policies.

40.     From 11:59:56 AM until 12:27 P.M., Cassidy can be seen moving under the blanket.

41.     At 12:27 P.M., Cassidy stops moving entirely.

42.     From that point on, Cassidy never moves in the slightest.

43.     MCSO and CHS employees do not check on Cassidy until 13:39 when deputies enter her cell and immediately roll her over and remove the blanket.

44.     They begin performing CPR.

45.     For one hour and 12 minutes (1:12), Cassidy had been unresponsive and had not had any movement whatsoever.

46.     She was supposed to be on constant video surveillance.

47.     She was noted as a danger to herself and others.

48.     She was noted as a suicide risk.

6

49.     MCSO and CHS employees *knew* she had been taken to the hospital upon her intake because of fentanyl overdose and other drugs.

50.     MCSO and CHS employees *knew* she was given Narcan on September 8, 2023 and had been taken to the hospital for apparent head injuries.

51.     MCSO and CHS employees *knew* she was having severe withdrawal symptoms and was placed on Opiate protocol.

52.     In fact, in her CHS files, on 9/8/2023 at 11:19 P.M., a suicide risk assessment was completed with the following notes:

> Pt seen cell side due to reports of wanting to hurt herself, pt reports that she 'just can't do it anymore' says that she is 'going crazy' in the cell, says that she wants to kill herself and 'has her ways' when asked how. Pt says that she has attempted before by jumping off the 2nd tier while in custody. Pt reports that she is withdrawing from fentanyl, writer explains the SC process, pt understands.

53.     At that very moment – because MCSO and CHS employees have access to and are required to review medical notes – MCSO and CHS employees were charged with making sure that Cassidy was medically attended to, to treat her withdrawals and to continually monitor Cassidy for symptoms – including potential suicide.

54.     Yet, despite knowing these issues existed, and despite appreciating a risk of severe harm – or death – if Cassidy was not properly monitored and treated, MCSO and CHS employees made the conscious decision to ignore the obvious signs of medical distress.

55.     Cassidy told MCSO and CHS employees that she "can't do it anymore" and that she "has her ways" of killing herself.

56.     MCSO and CHS employees can be seen briefly viewing Cassidy through the window in the door of her cell at 12:31 P.M., 12:34 P.M, 12:35 P.M., and 12:45 P.M.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

7

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

57.     At 12:53 P.M., MCSO and/or CHS employees saunter past Cassidy's cell without checking on her.

58.     From 12:54 until 12:57, MCSO and/or CHS employees spend time with the inmate in a safe cell next to Cassidy's – ignoring Cassidy's cell.

59.     At 13:00:28, an MCSO employee walks by Cassidy's cell, writes on the clipboard, and for a couple of seconds looks into Cassidy's cell and moves on.

60.     From 13:07 until 13:10, MCSO and CHS employees check vitals on the inmate in the cell next to Cassidy.

61.     That inmate is upright and responding to MCSO and CHS employees out of his cell and then is taken to another location.

62.     At 13:17:15, an MCSO employee can be seen looking in Cassidy's cell for 8 seconds, then writes on her clipboard and moves on.

63.     At 13:20, an MCSO/CHS employee wanders down the hall and checks on other cells – not Cassidy's.

64.     At 13:27:30, an MCSO employee wanders down the hallway and briefly peeks into Cassidy's cell and moves on.

65.     At 13:30 multiple MCSO and/or CHS employees walk down the hallway and do not look into Cassidy's cell.

66.     At 13:32:14, an MCSO and CHS employee come to Cassidy's door and open it.

67.     While the CHS employee is attempting to talk to Cassidy, another employee walks by and they talk with each other laughing about something.

68.     At 13:33:23 – apparently because she was getting no response from Cassidy – the CHS employee kicks the door to Cassidy's cell multiple times.

8

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

69.     At 13:33:48, the CHS employee picks up her stool and walks away from Cassidy's cell.

70.     At 13:33:53, the CHS employee is smiling and says something to another employee and continues walking away.

71.     For the next few minutes, until 13:37, nobody approaches Cassidy's cell.

72.     During that time an MCSO employee can be seen yawning and wandering around, apparently aimlessly.

73.     At 13:37:57, after having tried to talk to Cassidy, an MCSO guard retrieves multiple MCSO and CHS employees to come to Cassidy's cell.

74.     For the next two minutes, they attempt to talk to Cassidy.

75.     At 13:39, they open her cell.

76.     By the time MCSO and CHS officials arrived at her cell – after one hour and twelve minutes had elapsed with absolutely no signs of movement from Cassidy – potential life saving medical care was ineffective and led directly to her death.

77.     On September 9, 2023, Cassidy was found dead, face down in her cell, with visible injuries to her head, neck, and other areas of her body.

78.     The post-mortem photos of Cassidy taken by the family are very disturbing.

79.     Based on these photos, it seems that Cassidy suffered blunt force trauma to her forehead and jaw, as well as injuries to her neck.

80.     The Medical Examiner Report found the following external evidence of injury:
- Over the anterior right forehead is a crusted 3.0 x 0.8 cm brown abrasion.
- Over the shoulders bilaterally are crusted brown abrasions up to 6.0 cm in greatest dimension.
- Over the posterior neck are two rounded crusted brown wounds up to
- 0.6 cm in greatest dimension.
- Over the left elbow is a crusted ovoid 2.0 cm abrasion.
- Over the lateral right lower leg are a few irregular crusted brown abrasions over a 5.0 cm area.

9

**MARICOPA AND MCSO HAVE AN ASTONISHINGLY HIGH DEATH RATE**

81.     Deaths in Maricopa County's jail systems have skyrocketed at a rate that is far more than jail systems around the country – even those with more inmates.

82.     From an article posted on August 5, 2024[1], "A review by The Arizona Republic of Maricopa County's in-custody jail deaths from 2019 through 2023, the most recent year available, found that the death rate was among the highest of major jail systems in the country."

83.     The article continues "Scholars who study in-custody deaths in U.S. jails and prisons said those numbers are incredibly high when compared with similarly sized jail systems and even jails with much larger populations. 'Astronomical,' in the words of one researcher."

84.     The leading causes of death in MCSO and Maricopa jails are drug overdoses, drug withdrawals, and suicides.

85.     Furthermore, Maricopa County's jails remain understaffed, according to the current and former Sheriff's Office administrations, which has hindered operations and challenged efforts to maintain safe conditions.

86.     According to the article:

Sheriff Russ Skinner said his office is taking proactive steps to address deaths in the jail. "MCSO, in partnership with Correctional Health Services, work closely to monitor our jail facilities as well as review each incident involving attempted overdoses and attempted suicides, including those that result in the death of an inmate," Skinner said in a statement. "In addition to the recent projects implemented involving training, scanners, prevention services through our tablet program, and narcotic K9s in our jail facilities, we are working to enhance additional services through the use of medical monitoring technology," the sheriff said. "We will remain vigilant and proactive in the effort to connect inmates to needed services and prevention programs.

[1] Retrieved from:
https://www.azcentral.com/story/news/local/phoenix/2024/08/05/investigation/

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

87.     The article continues:

Deaths have skyrocketed in Maricopa County jails in recent years, even while the average daily population has decreased. The number of deaths in the Maricopa County jails nearly quadrupled in three years. In 2019, there were 11 deaths in the jails. In 2022 and 2023, there were 43 deaths each year. The average daily population was 6,829 in 2019. Like most jail systems, Maricopa County's jails saw their population decrease during the pandemic to an average daily population of 5,433 in 2020. The numbers have steadily risen since then but have still not reached pre-pandemic levels. The average daily population in 2023 was 6,569.

88.     The article continues:

In 2019, the most recent year the bureau calculated jail mortality, there was an average of 167 deaths per 100,000 inmates in county jails in America. The death rate in Maricopa County jails in 2019 was 161 per 100,000, slightly lower than the national average. ***But that rate quadrupled in just three years to 678 in 2022.***

(emphasis added).

89.     Cassidy's death coincided with the astronomical uptick in jail deaths with MCSO and CHS.

90.     Cassidy was classified as a suicide risk and was a known opiate abuser – she was taken to the hospital upon her arrival at MCSO facilities due to exactly this.

91.     She was put on opiate protocols.

92.     The article quotes a number of scholars including Andrea Armstrong, professor at Loyola University New Orleans College of Law:

"I feel confident in saying the mortality rate in Maricopa County jails is astronomical," Armstrong said. She said the sustained increase in Maricopa County jail deaths from 2019- 23 was concerning. "In some cases, in some jails, we do sometimes see a spike in deaths, but then it comes back down," she said. "In Maricopa County, the deaths have been exponentially increasing each year."

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

11

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

93.     Jay Aronson, a professor at Carnegie Mellon University who co-authored a book published September 5, 2023, and titled "Death in Custody, How America Ignores the Truth and What We Can Do about It" said:

> the steep increase in deaths in the Maricopa County jails seemed almost impossible to believe. "I can't tell you exactly what's going on, but there are a hell of a lot of people dying," Aronson said. Based on the causes of death provided by the jails and medical examiner, Aronson said *he would advise the county to review its policies for drug withdrawal treatment and suicide prevention*. "The raw number of deaths and the *suicides are really, really high*," Aronson said. "And the mortality rate is significantly higher than the national average."

(emphasis added).

94.     MCSO's and CHS' patterns, customs, and practices have led to this "astronomical" rise in deaths.

95.     MCSO and CHS knew and continue to know they have a problem with their patterns, customs, practices, and policies.

96.     They hid multiple deaths from their reported numbers. For example, they did not include in reported inmate death numbers inmates who died in a hospital or who received a compassionate release because death was imminent.

## COUNT I

### Violation of Civil Rights Under the Fourteenth Amendment

### and 42 U.S.C. § 1983.

*(Against Jarvis)*

97.     Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

98.     The Fourteenth Amendment to the United States Constitution, forbids one who acts under color of state law from failing to protect from harm a pre-trial detainee in their care, custody and control.

99.     At all relevant times, Defendants were acting under color of law.

12

100.     At all relevant times, Cassidy was in the care, custody and control of Defendants.

101.     42 U.S.C. § 1983 provides individuals with a cause of action to sue for violations of his or her constitutional rights. The 14th Amendment protects individuals from constitutional violations of State and local authorities. As incorporated by the 14th Amendment, the 4th Amendment protects individuals from the use of excessive force by law enforcement officers. Jarvis, while acting in his official capacity and individual capacities and under the color of law, violated Cassidy's rights to freedom from unreasonable seizures.

102.     Jarvis acted willfully, knowingly, and with specific intent to deprive Cassidy of her rights under the Fourth Amendment of the United States Constitution, including her right to be secure in her person and free from the use of unreasonable force and seizure.

103.     Jarvis acted unreasonably by using unnecessary excessive forced as described herein.

104.     Cassidy was not capable of resisting arrest.

105.     She was 5' 3" and 100 pounds.

106.     Cassidy was unarmed.

107.     Despite the clear evidence that Cassidy was unarmed, Jarvis used force which was objectively unreasonable under the totality of the circumstances.

108.     Cassidy's injuries to her head and body were the direct result of the Jarvis' actions and inactions.

109.     Additionally, the acts of Jarvis, as set forth above, demonstrate gross and wanton negligence in that he knew or had reason to know that his created an unreasonable risk of bodily harm to Cassidy and a high probability that substantial harm would result.

110.     In causing the injuries to Cassidy, Jarvis acted with an evil mind and a malignant heart warranting an award of punitive damages.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## COUNT II

### Negligence and Gross Negligence

(*Against the City, Maricopa, and Skinner*)

111.     Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

112.     At all relevant times, each and every Defendant had an individual and collective duty to exercise ordinary care for the safety of Cassidy.

113.     This includes taking certain actions and refraining from other actions such that the Jail was operated in a manner that maintained effective custody and control over inmates in a safe, secure and humane environment.

114.     This includes properly assessing whether de-escalation techniques should be used versus excessive force by Jarvis.

115.     Defendants had a duty to assure the safety and well-being of Cassidy while in their care, custody and control, a duty that included, without limitation, providing proper, appropriate and timely medical care to Cassidy.

116.     Defendants breached their duties to Cassidy, as identified in the allegations set forth in the paragraphs above.

117.     Despite being the sole caretakers of Cassidy, Defendants' employees were negligent and grossly negligent by failing to properly provide medical care, and failing to properly monitor Cassidy for signs of severe medical symptoms that would have saved Cassidy's life.

118.     Defendants breached that duty systematically and repeatedly, including their acts and omissions set forth above, resulting in the Jail being operated in a manner such that presented a grave and imminent danger to Cassidy.

119.     Jarvis breached that duty by failing to use de-escalation techniques and failing to use arrest techniques that did not involve a violent physical confrontation with Cassidy.

120.     Because Cassidy was sitting and talking with Jarvis, multiple other options were available to Jarvis – including calling for backup, peacefully discussing the situation

14

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

with Cassidy, and/or using all available de-escalation techniques to initiate and finalize a peaceful arrest.

121.    As a direct and proximate result of Defendants' breach, Cassidy sustained severe and permanent injuries and eventually lost her life.

122.    Defendants' acts and omissions to act set forth above, also demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Cassidy and a high probability that substantial harm would result.

123.    Despite being assigned to monitor the security and welfare of the inmates housed in the Jail, Defendants were negligent and grossly negligent in their failure to perform their required duties in conducting inmate checks during the time Cassidy was dying.

124.    Defendants undertook a duty to provide adequate supervision and classification to the inmates of the Jail. This includes (1) the duty to supervise all of its employees and agents, and (2) the duty to ensure that its employees and agents satisfy all federal, state, and applicable industry standards.

125.    Defendants breached their duties, as identified by the allegations set forth in the paragraphs above, by among things and without limitation willfully participating in a practice or custom that denied Cassidy adequate monitoring, and by ratifying improper conditions, customs, policies, procedures and/or practices that jeopardized the safety of Cassidy.

126.    Additionally, Defendant Maricopa is vicariously liable for the acts and omissions of their employees, including without limitation those employees listed herein as defendants.

127.    Additionally, Defendant City is vicariously liable for the acts and omissions of their employees, including without limitation those employees listed herein as defendants.

128.    As a direct and proximate result of the negligent actions of Defendants and their employees and agents, Cassidy suffered an untimely and preventable death.

15

129.     Additionally, the Sheriff is responsible for the actions of MCSO employees. Accordingly, Skinner is vicariously liable for the acts and omissions of MCSO employees, including without limitation those employees listed herein as defendants.

## COUNT III

## CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – *Monell* – POLICY, CUSTOM AND PRACTICE

### *(Maricopa, Skinner)*

130.     Plaintiffs incorporate by reference all previous allegations as fully set forth herein.

131.     As previously explained, U.S.C. § 1983 provides individuals with a cause of action to sue for violations of their constitutional rights.

132.     Defendant Maricopa and Defendant Skinner's acts or failure to act deprived Cassidy of her constitutional rights.

133.     As described herein, MCSO and Maricopa's jails have an astronomical number of deaths compared to other jail systems in the country – including larger systems such as Los Angeles County and Cook County Illinois.

134.     The patterns, customs, and practices employed in Maricopa and MCSO jail and jail health environments are such that present a substantial risk of serious harm to all inmates who are battling drug overdoses, withdrawals, and suicidal actions.

135.     The sheer number of deaths have caused scholars to opine that they would advise the county to review its policies for drug withdrawal treatment and suicide prevention, because "[t]he raw number of deaths and the suicides are really, really high, . . . And the mortality rate is significantly higher than the national average."

136.     Cassidy's death occurred during this scrutinized period. She was but one of many who died while reeling from severe opioid withdrawals.

137.     It is unquestionable that there is a systemic failure by Maricopa and Skinner by ratifying customs, practices, patterns and policies that deliberately go against the standards of care medically, and also deprive individuals of their Constitutional Rights.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

16

138.     These failures have allowed, supported, and established the commonplace lack of medical treatment and monitoring that leads to the "astronomical" death rate and creates a substantial risk of serious harm to individuals such as Cassidy.

139.     Therefore, the established customs and practices led directly to the death of Cassidy.

140.     Maricopa and Skinner are liable for Cassidy's death due to its established policy, customs, patterns, and practices.

## JURY TRIAL DEMAND

141.     Plaintiffs hereby demand a jury trial in this matter as to all claims and against all Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that the Court enter judgment against the Defendants and in favor of the Plaintiffs, as follows:

a)   For compensatory, general and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial;

b)   For all other non-pecuniary damages as to be proven at trial;

c)   For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

d)   For pre-and post judgment interest to the extent provided by law;

e)   For Plaintiffs' incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

f)   For such other relief as this Court may deem proper.

///

///

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

**RESPECTFULLY SUBMITTED** this 9th day of September 2024.

MILLS + WOODS LAW, PLLC

By_____/s/ Sean A. Woods_____
    Sean A. Woods
    Robert T. Mills
    5055 North 12th Street, Suite 101
    Phoenix, Arizona 85014
    *Attorneys for Plaintiffs*

**ORIGINAL** filed this 9th day of September 2024
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court.


_____/s/ Ben Dangerfield_____

18

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [□ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480304

*GARY STEINER*
*ID # MC 7767*
*9/30/2024*
*2:40 PM*
*YSalunion*
*D8679*

## SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-024836**

Barbara Johnson, et al.
_____
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
_____
Name of Defendant

| **WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** Russ Skinner
_____
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this _"Summons"_.

2. If you do not want a judgment or order taken against you without your input, you must file an _"Answer"_ or a _"Response"_ in writing with the court and pay the filing fee. If you do not file an _"Answer"_ or _"Response"_ the other party may be given the relief requested in his/her Petition or Complaint. To file your _"Answer"_ or _"Response"_ take, or send, the _"Answer"_ or _"Response"_ to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your _"Response"_ or _"Answer"_ to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10176560

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480301

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Barbara Johnson, et al.
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No.  **CV2024-024836**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this** September 09, 2024

**By**: Sean A. Woods /s/
**Plaintiff/Attorney for Plaintiff**

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480299

Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

## IN THE MARICOPA COUNTY SUPERIOR COURT

## OF THE STATE OF ARIZONA

| | |
|---|---|
| BARBARA JOHNSON, an individual, for herself and on behalf of and as pending Personal Representative of The Estate of Cassidy Stigler, | No:  **CV2024-024836** |
| | **PLAINTIFFS' COMPLAINT** |
| Plaintiffs, | |
| vs. | (JURY TRIAL DEMANDED) |
| CITY OF PHOENIX, a governmental entity; COUNTY OF MARICOPA, a governmental entity; RUSS SKINNER and JANE DOE SKINNER; JAMES JARVIS II and JANE DOE JARVIS II, | |
| Defendants. | |

Plaintiffs Barbara Johnson ("Barbara"), and the Estate of Cassidy Stigler ("Cassidy"), by and through their attorneys, Mills + Woods Law PLLC, for their Complaint against Defendants City of Phoenix ("City"), Maricopa County ("Maricopa"), Russ Skinner ("Skinner") and Jane Doe Skinner, and James Jarvis II ("Jarvis") and Jane Doe Jarvis II, (collectively "Defendants") allege and state as follows:

## INTRODUCTION

1.      Cassidy Stigler was a young and vibrant 22-year-old.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

2.      She made mistakes, was arrested, and was booked into the Intake Transfer and Release Jail ("ITR") on September 8, 2023.

3.      During her arrest by Phoenix Police, she was – upon information and belief – beaten, thrown to the ground, and had her head smashed into the ground multiple times.

4.      She was a loving daughter, sister, and mother who doted on her family, providing emotional and financial support to them.

5.      She had her whole life ahead of her and was trying her best to get back on her feet.

6.      Ms. Stigler's booking number was G044511 and her date of birth was 09/26/2000.

7.      Ms. Stigler arrived at ITR on September 8, 2023 and was transported to the hospital on or about September 9, 2023 due to injuries she suffered from Defendants' actions or inactions.

8.      She died from these injuries on September 9, 2023.

9.      Despite the submission of multiple records' requests via Arizona Public Records laws, A.R.S. §§ 39-121, et seq., Defendants have not fully complied with the records' requests, and Plaintiffs are forced to file this Complaint without the benefit of records squarely in the custody and control of Defendants – in violation of Arizona Public Records law.

## THE PARTIES

10.     Plaintiff Barbara is an adult individual who resides in Maricopa County, Arizona.

11.     Barbara is next of kin, mother to Cassidy Stigler ("Cassidy"), and the pending Personal Representative for Plaintiff the Estate of Cassidy Stigler ("Estate").

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

2

12.    Defendant Maricopa is a governmental entity that acts by and through its officials, employees and agents, including without limitation Maricopa County Correctional Healthcare Services ("CHS"), and each of CHS' employees.

13.    Defendant City is a governmental entity that acts by and through its officials, employees and agents, including without limitation Jarvis.

14.    Defendant Sheriff Russ Skinner is sued in his official and individual capacity. He was tasked with oversight of the Maricopa County Sheriff's Office ("MCSO") and was responsible for all policies and procedures promulgated by the MCSO. Skinner is responsible for MCSO officials, employees and agents.

15.    He is an agent of Maricopa and the MCSO, operating in his official and individual capacity in Maricopa County, Arizona.

16.    Defendant Jarvis is upon information and belief employed by and serving as an agent of the City. At all relevant times he was operating in his official and individual capacity in Maricopa County, Arizona.

17.    Defendant Maricopa is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of CHS, and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiffs as a result of violations of the Arizona Constitution and Arizona common law because, at all relevant times, those Defendants were acting within the course and scope of their employment or contract with CHS, or entities privately contracted with CHS.

18.    Defendant City is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of the City and the Phoenix Police Department, and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiffs as a result of

violations of the Arizona Constitution and Arizona common law because, at all relevant times, those Defendants were acting within the course and scope of their employment or contract with the City, or entities privately contracted with the City.

19.   For purposes of Plaintiffs' claims arising under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et seq*., and as may be relevant to Plaintiff's state law claims, at all relevant times described herein, Defendants were acting under color of state law.

## JURISDICTION AND VENUE

20.   Pursuant to 42 U.S.C. §1983 *et seq.*, Plaintiffs bring this action for violations of the United States Constitution, including without limitation the Fourth, Eighth, and Fourteenth Amendments and Arizona common and statutory laws.

21.   The amount in controversy exceeds the minimal jurisdictional limits of this Court.

22.   To the extent applicable, and without conceding that said statute applies, Plaintiffs have served their Notice of Claim upon Defendants in compliance with A.R.S. §12-821.01, *et seq.* More than sixty (60) days have expired since Plaintiffs served their Notice of Claim and Defendants have not responded in any manner to said Notice of Claim.

23.   Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

24.   Venue is proper in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

4

25.     On September 8, 2023, Phoenix Police officers arrested Cassidy for a misdemeanor warrant and the alleged possession of narcotic drugs and drug paraphernalia.

26.     Phoenix Police Officers alleged Cassidy resisted arrest and a violent confrontation ensued.

27.     Officer Jarvis violently attacked Cassidy.

28.     During that confrontation, Cassidy's head struck the pavement multiple times.

29.     Cassidy was 5'3" and only 100 lbs.

30.     It is inconceivable that Cassidy posed any threat to Phoenix Police Officers – including Jarvis – during her arrest and alleged resistance thereto to warrant her injuries.

31.     Upon information and belief, after the Phoenix Police Officers subdued Cassidy, she was treated by EMS with Narcan and taken to St. Joseph's Hospital for approximately nine hours.

32.     Afterwards, Cassidy was released into Phoenix Police Department custody and booked into jail.

33.     Cassidy was transferred to the ITR.

34.     Upon her arrival, she was designated a suicide risk and placed into a safe cell for round the clock monitoring.

35.     In her CHS file, she was supposed to have hourly nurse check-ins:

> Safe Cell Placement
> Potential suicide watch with 2 blankets.
> MHP follow ups
> ***Perform hourly nurse welfare checks per protocol***.
> Continuous video monitoring via monitor tech.
>
> (emphasis added).

36.     In her CHS file, it is noted under "Education":

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

5

Pt is informed about the safe cell check procedure.

Patient encouraged to answer when their name is called and *keep face uncovered to prevent green blanket from being removed.*

Patient also encouraged to accept water when water is offered to promote adequate hydration.

(emphasis added).

37.     The only video obtained starts at 11:59:56 AM on September 9, 2024 and runs until 1:50:31 A.M.

38.     In that video, Cassidy can be seen fully covered by the green blanket – including her face.

39.     In the entire nearly two hours, Cassidy never uncovers her face as required by MCSO/CHS policies.

40.     From 11:59:56 AM until 12:27 P.M., Cassidy can be seen moving under the blanket.

41.     At 12:27 P.M., Cassidy stops moving entirely.

42.     From that point on, Cassidy never moves in the slightest.

43.     MCSO and CHS employees do not check on Cassidy until 13:39 when deputies enter her cell and immediately roll her over and remove the blanket.

44.     They begin performing CPR.

45.     For one hour and 12 minutes (1:12), Cassidy had been unresponsive and had not had any movement whatsoever.

46.     She was supposed to be on constant video surveillance.

47.     She was noted as a danger to herself and others.

48.     She was noted as a suicide risk.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

6

49.     MCSO and CHS employees *knew* she had been taken to the hospital upon her intake because of fentanyl overdose and other drugs.

50.     MCSO and CHS employees *knew* she was given Narcan on September 8, 2023 and had been taken to the hospital for apparent head injuries.

51.     MCSO and CHS employees *knew* she was having severe withdrawal symptoms and was placed on Opiate protocol.

52.     In fact, in her CHS files, on 9/8/2023 at 11:19 P.M., a suicide risk assessment was completed with the following notes:

> Pt seen cell side due to reports of wanting to hurt herself, pt reports that she 'just can't do it anymore' says that she is 'going crazy' in the cell, says that she wants to kill herself and 'has her ways' when asked how. Pt says that she has attempted before by jumping off the 2nd tier while in custody. Pt reports that she is withdrawing from fentanyl, writer explains the SC process, pt understands.

53.     At that very moment – because MCSO and CHS employees have access to and are required to review medical notes – MCSO and CHS employees were charged with making sure that Cassidy was medically attended to, to treat her withdrawals and to continually monitor Cassidy for symptoms – including potential suicide.

54.     Yet, despite knowing these issues existed, and despite appreciating a risk of severe harm – or death – if Cassidy was not properly monitored and treated, MCSO and CHS employees made the conscious decision to ignore the obvious signs of medical distress.

55.     Cassidy told MCSO and CHS employees that she "can't do it anymore" and that she "has her ways" of killing herself.

56.     MCSO and CHS employees can be seen briefly viewing Cassidy through the window in the door of her cell at 12:31 P.M., 12:34 P.M, 12:35 P.M., and 12:45 P.M.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

7

57.     At 12:53 P.M., MCSO and/or CHS employees saunter past Cassidy's cell without checking on her.

58.     From 12:54 until 12:57, MCSO and/or CHS employees spend time with the inmate in a safe cell next to Cassidy's – ignoring Cassidy's cell.

59.     At 13:00:28, an MCSO employee walks by Cassidy's cell, writes on the clipboard, and for a couple of seconds looks into Cassidy's cell and moves on.

60.     From 13:07 until 13:10, MCSO and CHS employees check vitals on the inmate in the cell next to Cassidy.

61.     That inmate is upright and responding to MCSO and CHS employees out of his cell and then is taken to another location.

62.     At 13:17:15, an MCSO employee can be seen looking in Cassidy's cell for 8 seconds, then writes on her clipboard and moves on.

63.     At 13:20, an MCSO/CHS employee wanders down the hall and checks on other cells – not Cassidy's.

64.     At 13:27:30, an MCSO employee wanders down the hallway and briefly peeks into Cassidy's cell and moves on.

65.     At 13:30 multiple MCSO and/or CHS employees walk down the hallway and do not look into Cassidy's cell.

66.     At 13:32:14, an MCSO and CHS employee come to Cassidy's door and open it.

67.     While the CHS employee is attempting to talk to Cassidy, another employee walks by and they talk with each other laughing about something.

68.     At 13:33:23 – apparently because she was getting no response from Cassidy – the CHS employee kicks the door to Cassidy's cell multiple times.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

69.     At 13:33:48, the CHS employee picks up her stool and walks away from Cassidy's cell.

70.     At 13:33:53, the CHS employee is smiling and says something to another employee and continues walking away.

71.     For the next few minutes, until 13:37, nobody approaches Cassidy's cell.

72.     During that time an MCSO employee can be seen yawning and wandering around, apparently aimlessly.

73.     At 13:37:57, after having tried to talk to Cassidy, an MCSO guard retrieves multiple MCSO and CHS employees to come to Cassidy's cell.

74.     For the next two minutes, they attempt to talk to Cassidy.

75.     At 13:39, they open her cell.

76.     By the time MCSO and CHS officials arrived at her cell – after one hour and twelve minutes had elapsed with absolutely no signs of movement from Cassidy – potential life saving medical care was ineffective and led directly to her death.

77.     On September 9, 2023, Cassidy was found dead, face down in her cell, with visible injuries to her head, neck, and other areas of her body.

78.     The post-mortem photos of Cassidy taken by the family are very disturbing.

79.     Based on these photos, it seems that Cassidy suffered blunt force trauma to her forehead and jaw, as well as injuries to her neck.

80.     The Medical Examiner Report found the following external evidence of injury:
- Over the anterior right forehead is a crusted 3.0 x 0.8 cm brown abrasion.
- Over the shoulders bilaterally are crusted brown abrasions up to 6.0 cm in greatest dimension.
- Over the posterior neck are two rounded crusted brown wounds up to
- 0.6 cm in greatest dimension.
- Over the left elbow is a crusted ovoid 2.0 cm abrasion.
- Over the lateral right lower leg are a few irregular crusted brown abrasions over a 5.0 cm area.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

**MARICOPA AND MCSO HAVE AN ASTONISHINGLY HIGH DEATH RATE**

81.     Deaths in Maricopa County's jail systems have skyrocketed at a rate that is far more than jail systems around the country – even those with more inmates.

82.     From an article posted on August 5, 2024[1], "A review by The Arizona Republic of Maricopa County's in-custody jail deaths from 2019 through 2023, the most recent year available, found that the death rate was among the highest of major jail systems in the country."

83.     The article continues "Scholars who study in-custody deaths in U.S. jails and prisons said those numbers are incredibly high when compared with similarly sized jail systems and even jails with much larger populations. 'Astronomical,' in the words of one researcher."

84.     The leading causes of death in MCSO and Maricopa jails are drug overdoses, drug withdrawals, and suicides.

85.     Furthermore, Maricopa County's jails remain understaffed, according to the current and former Sheriff's Office administrations, which has hindered operations and challenged efforts to maintain safe conditions.

86.     According to the article:

Sheriff Russ Skinner said his office is taking proactive steps to address deaths in the jail. "MCSO, in partnership with Correctional Health Services, work closely to monitor our jail facilities as well as review each incident involving attempted overdoses and attempted suicides, including those that result in the death of an inmate," Skinner said in a statement. "In addition to the recent projects implemented involving·training, scanners, prevention services through our tablet program, and narcotic K9s in our jail facilities, we are working to enhance additional services through the use of medical monitoring technology," the sheriff said. "We will remain vigilant and proactive in the effort to connect inmates to needed services and prevention programs.

---

[1] Retrieved from:
https://www.azcentral.com/story/news/local/phoenix/2024/08/05/investigation/

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

87.    The article continues:

Deaths have skyrocketed in Maricopa County jails in recent years, even while the average daily population has decreased. The number of deaths in the Maricopa County jails nearly quadrupled in three years. In 2019, there were 11 deaths in the jails. In 2022 and 2023, there were 43 deaths each year. The average daily population was 6,829 in 2019. Like most jail systems, Maricopa County's jails saw their population decrease during the pandemic to an average daily population of 5,433 in 2020. The numbers have steadily risen since then but have still not reached pre-pandemic levels. The average daily population in 2023 was 6,569.

88.    The article continues:

In 2019, the most recent year the bureau calculated jail mortality, there was an average of 167 deaths per 100,000 inmates in county jails in America. The death rate in Maricopa County jails in 2019 was 161 per 100,000, slightly lower than the national average. *But that rate quadrupled in just three years to 678 in 2022.*

(emphasis added).

89.    Cassidy's death coincided with the astronomical uptick in jail deaths with MCSO and CHS.

90.    Cassidy was classified as a suicide risk and was a known opiate abuser – she was taken to the hospital upon her arrival at MCSO facilities due to exactly this.

91.    She was put on opiate protocols.

92.    The article quotes a number of scholars including Andrea Armstrong, professor at Loyola University New Orleans College of Law:

"I feel confident in saying the mortality rate in Maricopa County jails is astronomical," Armstrong said. She said the sustained increase in Maricopa County jail deaths from 2019- 23 was concerning. "In some cases, in some jails, we do sometimes see a spike in deaths, but then it comes back down," she said. "In Maricopa County, the deaths have been exponentially increasing each year."

11

93.     Jay Aronson, a professor at Carnegie Mellon University who co-authored a book published September 5, 2023, and titled "Death in Custody, How America Ignores the Truth and What We Can Do about It" said:

> the steep increase in deaths in the Maricopa County jails seemed almost impossible to believe. "I can't tell you exactly what's going on, but there are a hell of a lot of people dying," Aronson said. Based on the causes of death provided by the jails and medical examiner, Aronson said *he would advise the county to review its policies for drug withdrawal treatment and suicide prevention*. "The raw number of deaths and the *suicides are really, really high*," Aronson said. "And the mortality rate is significantly higher than the national average."

(emphasis added).

94.     MCSO's and CHS' patterns, customs, and practices have led to this "astronomical" rise in deaths.

95.     MCSO and CHS knew and continue to know they have a problem with their patterns, customs, practices, and policies.

96.     They hid multiple deaths from their reported numbers. For example, they did not include in reported inmate death numbers inmates who died in a hospital or who received a compassionate release because death was imminent.

## COUNT I

### Violation of Civil Rights Under the Fourteenth Amendment

### and 42 U.S.C. § 1983.

*(Against Jarvis)*

97.     Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

98.     The Fourteenth Amendment to the United States Constitution, forbids one who acts under color of state law from failing to protect from harm a pre-trial detainee in their care, custody and control.

99.     At all relevant times, Defendants were acting under color of law.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

100.    At all relevant times, Cassidy was in the care, custody and control of Defendants.

101.    42 U.S.C. § 1983 provides individuals with a cause of action to sue for violations of his or her constitutional rights. The 14th Amendment protects individuals from constitutional violations of State and local authorities. As incorporated by the 14th Amendment, the 4th Amendment protects individuals from the use of excessive force by law enforcement officers. Jarvis, while acting in his official capacity and individual capacities and under the color of law, violated Cassidy's rights to freedom from unreasonable seizures.

102.    Jarvis acted willfully, knowingly, and with specific intent to deprive Cassidy of her rights under the Fourth Amendment of the United States Constitution, including her right to be secure in her person and free from the use of unreasonable force and seizure.

103.    Jarvis acted unreasonably by using unnecessary excessive forced as described herein.

104.    Cassidy was not capable of resisting arrest.

105.    She was 5' 3" and 100 pounds.

106.    Cassidy was unarmed.

107.    Despite the clear evidence that Cassidy was unarmed, Jarvis used force which was objectively unreasonable under the totality of the circumstances.

108.    Cassidy's injuries to her head and body were the direct result of the Jarvis' actions and inactions.

109.    Additionally, the acts of Jarvis, as set forth above, demonstrate gross and wanton negligence in that he knew or had reason to know that his created an unreasonable risk of bodily harm to Cassidy and a high probability that substantial harm would result.

110.    In causing the injuries to Cassidy, Jarvis acted with an evil mind and a malignant heart warranting an award of punitive damages.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

13

## **COUNT II**

### **Negligence and Gross Negligence**

*(Against the City, Maricopa, and Skinner)*

111.     Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

112.     At all relevant times, each and every Defendant had an individual and collective duty to exercise ordinary care for the safety of Cassidy.

113.     This includes taking certain actions and refraining from other actions such that the Jail was operated in a manner that maintained effective custody and control over inmates in a safe, secure and humane environment.

114.     This includes properly assessing whether de-escalation techniques should be used versus excessive force by Jarvis.

115.     Defendants had a duty to assure the safety and well-being of Cassidy while in their care, custody and control, a duty that included, without limitation, providing proper, appropriate and timely medical care to Cassidy.

116.     Defendants breached their duties to Cassidy, as identified in the allegations set forth in the paragraphs above.

117.     Despite being the sole caretakers of Cassidy, Defendants' employees were negligent and grossly negligent by failing to properly provide medical care, and failing to properly monitor Cassidy for signs of severe medical symptoms that would have saved Cassidy's life.

118.     Defendants breached that duty systematically and repeatedly, including their acts and omissions set forth above, resulting in the Jail being operated in a manner such that presented a grave and imminent danger to Cassidy.

119.     Jarvis breached that duty by failing to use de-escalation techniques and failing to use arrest techniques that did not involve a violent physical confrontation with Cassidy.

120.     Because Cassidy was sitting and talking with Jarvis, multiple other options were available to Jarvis – including calling for backup, peacefully discussing the situation

14

with Cassidy, and/or using all available de-escalation techniques to initiate and finalize a peaceful arrest.

121.    As a direct and proximate result of Defendants' breach, Cassidy sustained severe and permanent injuries and eventually lost her life.

122.    Defendants' acts and omissions to act set forth above, also demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Cassidy and a high probability that substantial harm would result.

123.    Despite being assigned to monitor the security and welfare of the inmates housed in the Jail, Defendants were negligent and grossly negligent in their failure to perform their required duties in conducting inmate checks during the time Cassidy was dying.

124.    Defendants undertook a duty to provide adequate supervision and classification to the inmates of the Jail. This includes (1) the duty to supervise all of its employees and agents, and (2) the duty to ensure that its employees and agents satisfy all federal, state, and applicable industry standards.

125.    Defendants breached their duties, as identified by the allegations set forth in the paragraphs above, by among things and without limitation willfully participating in a practice or custom that denied Cassidy adequate monitoring, and by ratifying improper conditions, customs, policies, procedures and/or practices that jeopardized the safety of Cassidy.

126.    Additionally, Defendant Maricopa is vicariously liable for the acts and omissions of their employees, including without limitation those employees listed herein as defendants.

127.    Additionally, Defendant City is vicariously liable for the acts and omissions of their employees, including without limitation those employees listed herein as defendants.

128.    As a direct and proximate result of the negligent actions of Defendants and their employees and agents, Cassidy suffered an untimely and preventable death.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

15

129.     Additionally, the Sheriff is responsible for the actions of MCSO employees. Accordingly, Skinner is vicariously liable for the acts and omissions of MCSO employees, including without limitation those employees listed herein as defendants.

<u>**COUNT III**</u>

<u>**CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – *Monell* – POLICY, CUSTOM AND PRACTICE**</u>

*(Maricopa, Skinner)*

130.     Plaintiffs incorporate by reference all previous allegations as fully set forth herein.

131.     As previously explained, U.S.C. § 1983 provides individuals with a cause of action to sue for violations of their constitutional rights.

132.     Defendant Maricopa and Defendant Skinner's acts or failure to act deprived Cassidy of her constitutional rights.

133.     As described herein, MCSO and Maricopa's jails have an astronomical number of deaths compared to other jail systems in the country – including larger systems such as Los Angeles County and Cook County Illinois.

134.     The patterns, customs, and practices employed in Maricopa and MCSO jail and jail health environments are such that present a substantial risk of serious harm to all inmates who are battling drug overdoses, withdrawals, and suicidal actions.

135.     The sheer number of deaths have caused scholars to opine that they would advise the county to review its policies for drug withdrawal treatment and suicide prevention, because "[t]he raw number of deaths and the suicides are really, really high, . . . And the mortality rate is significantly higher than the national average."

136.     Cassidy's death occurred during this scrutinized period. She was but one of many who died while reeling from severe opioid withdrawals.

137.     It is unquestionable that there is a systemic failure by Maricopa and Skinner by ratifying customs, practices, patterns and policies that deliberately go against the standards of care medically, and also deprive individuals of their Constitutional Rights.

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

138.     These failures have allowed, supported, and established the commonplace lack of medical treatment and monitoring that leads to the "astronomical" death rate and creates a substantial risk of serious harm to individuals such as Cassidy.

139.     Therefore, the established customs and practices led directly to the death of Cassidy.

140.     Maricopa and Skinner are liable for Cassidy's death due to its established policy, customs, patterns, and practices.

## JURY TRIAL DEMAND

141.     Plaintiffs hereby demand a jury trial in this matter as to all claims and against all Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that the Court enter judgment against the Defendants and in favor of the Plaintiffs, as follows:

a)   For compensatory, general and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial;

b)   For all other non-pecuniary damages as to be proven at trial;

c)   For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

d)   For pre-and post judgment interest to the extent provided by law;

e)   For Plaintiffs' incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

f)   For such other relief as this Court may deem proper.

///

///

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

**RESPECTFULLY SUBMITTED** this 9th day of September 2024.

MILLS + WOODS LAW, PLLC

By   /s/ Sean A. Woods
       Sean A. Woods
       Robert T. Mills
       5055 North 12th Street, Suite 101
       Phoenix, Arizona 85014
       *Attorneys for Plaintiffs*

**ORIGINAL** filed this 9th day of September 2024
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court.

       */s/ Ben Dangerfield*

18

CLERK OF THE
SUPERIOR COURT
FILED
A. MITTELSTAEDT, DEP

24 OCT -2 PM 1: 40

1   T. Scott Legal Support Services
    Gary Steiner  ID# MC 7767
2   (480) 227-7297
    Tscottlegal2007@aol.com
3

4                    **SUPERIOR COURT OF ARIZONA**
                          **MARICOPA COUNTY**
5

6   In re the matter of:                    )
                                            )
7   BARBARA JOHNSON, et al.,                )
                                            )       Case No: CV2024-024836
8                                           )
                                            )
9           Plaintiff(s),                   )       **CERTIFICATE OF SERVICE**
                                            )
10  v.                                      )
                                            )
11  CITY OF PHOENIX, et al.,                )
                                            )
12                                          )
            Defendant(s).                   )
13  _____       )

14  1.      I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule

15          4(c) of the Arizona Rules of Civil Procedure. I further swear that on September 29, 2024, I

16          received; Summons,  Certificate of Compulsory Arbitration and a Plaintiffs Complaint from The

17          Plaintiff(s).

18  2.      I then proceeded to successfully serve the above described documents on City of Phoenix at

19          Phoenix City Clerk's office, 200 W. Washington, 15th Fl., Phoenix, AZ on September 30, 2024 at

20          approximately 3:00 pm. Monica Gonzalez refused to accept service. I then told her that Arizona is

21          a drop service State and she can't refuse service. I then dropped the documents , told her she

22          was served and left.

23  3.      This is considered to be personal service.

24  4.      The fee I charged for this service was $85.

25  **I declare under the penalty of perjury that the foregoing is true and correct**

26

27  Gary Steiner                                        Date

28                              Page 1

29

# Exhibit B-5

Remainder of State Court Record

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480300

**Plaintiff's Attorneys:**

Sean A. Woods - Primary Attorney
Bar Number: 028930, issuing State: AZ
Law Firm: Mills + Woods Law, PLLC
5055 N. 12th St. Suite 101
Phoenix, AZ 85014
Telephone Number: (480)999-4556
Email address: swoods@millsandwoods.com

**CV2024-024836**

Robert T. Mills
Bar Number: 018853, issuing State: AZ
Law Firm: Mills + Woods Law, PLLC
Telephone Number: (480)999-4556

**Plaintiffs:**

Barbara Johnson

The Estate of Cassidy Stigler

**Defendants:**

City of Phoenix

County of Maricopa

Russ Skinner

Jane Doe Skinner

James Jarvis II

Jane Doe Jarvis II

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Negligence

AZTurboCourt.gov Form Set #10176360

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480301

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Barbara Johnson, et al.
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2024-024836**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this  September 09, 2024

By:  Sean A. Woods /s/
     Plaintiff/Attorney for Plaintiff

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480302

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-024836**

Barbara Johnson, et al.
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
Name of Defendant

**WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.
If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** City of Phoenix
Name of Defendant

1. **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10175360

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 09, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *M. SALDANA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #10176360

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code:  Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480303

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-024836**

Barbara Johnson, et al.
_____

Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
_____

Name of Defendant

> **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.
> If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** County of Maricopa
_____

Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10176560

3.    If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.    You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 09, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *M. SALDANA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code:  Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [☐  ] Self or [☒  ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480304

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-024836**

Barbara Johnson, et al.
_____
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
_____
Name of Defendant

**WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.
If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Russ Skinner
_____
Name of Defendant

1. **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation.</u> Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10176360

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 09, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *M. SALDANA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480305

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-024836**

Barbara Johnson, et al.

Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.

Name of Defendant

> **WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Jane Doe Skinner

Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10176360

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 09, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *M. SALDANA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code:  Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480306

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-024836**

Barbara Johnson, et al.
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
Name of Defendant

**WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.
If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** James Jarvis II
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10175360

**3.**     If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

**4.**     You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

**5.**     Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

**6.**     Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 09, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *M. SALDANA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

*AZturboCourt.gov Form Set #10176360*

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code:  Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [☐  ] Self or [☒  ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2024 4:47:11 PM
Filing ID 18480307

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-024836**

Barbara Johnson, et al.
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
Name of Defendant

**WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.
If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Jane Doe Jarvis II
Name of Defendant

1. **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10176360

3.   If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.   You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.   Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.   Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 09, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *M. SALDANA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

*AZturboCourt.gov Form Set #10176360*

CLERK OF THE
SUPERIOR COURT
FILED
A. MITTELSTAEDT, DEP

24 OCT -2 PM 1: 40

1   T. Scott Legal Support Services
    Gary Steiner  ID# MC 7767
2   (480) 227-7297
    Tscottlegal2007@aol.com
3

4               **SUPERIOR COURT OF ARIZONA**
                    **MARICOPA COUNTY**
5

6   In re the matter of:                    )
                                            )
7   BARBARA JOHNSON, et al.,                )
                                            )       Case No: CV2024-024836
8                                           )
                                            )
9           Plaintiff(s),                   )       **CERTIFICATE OF SERVICE**
                                            )
10  v.                                      )
                                            )
11  CITY OF PHOENIX, et al.,                )
                                            )
12                                          )
            Defendant(s).                   )
13  _____        )

14  1.      I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule

15          4(c) of the Arizona Rules of Civil Procedure. I further swear that on September 29, 2024, I

16          received: Summons,  Certificate of Compulsory Arbitration and a Plaintiffs Complaint from The

17          Plaintiff(s).

18  2.      I then proceeded to successfully serve the above described documents on City of Phoenix at

19          Phoenix City Clerk's office, 200 W. Washington, 15th Fl., Phoenix, AZ on September 30, 2024 at

20          approximately 3:00 pm. Monica Gonzalez refused to accept service. I then told her that Arizona is

21          a drop service State and she can't refuse service. I then dropped the documents , told her she

22          was served and left.

23  3.      This is considered to be personal service.

24  4.      The fee I charged for this service was $85.

25  **I declare under the penalty of perjury that the foregoing is true and correct**

26

27  Gary Steiner                                    Date

28                          Page 1

29

CLERK OF THE
SUPERIOR COURT
FILED
A. MITTELSTAEDT, DEP

24 OCT -2 PM 1: 40

1  T. Scott Legal Support Services
   Gary Steiner  ID# MC 7767
2  (480) 227-7297
3  Tscottlegal2007@aol.com

4               **SUPERIOR COURT OF ARIZONA**
                      **MARICOPA COUNTY**
5

6  In re the matter of:                      )
                                             )
7  BARBARA JOHNSON, et al.,                  )
                                             )        Case No: CV2024-024836
8                                            )
                                             )        **CERTIFICATE OF SERVICE**
9          Plaintiff(s),                     )
                                             )
10 v.                                        )
                                             )
11 CITY OF PHOENIX, et al.,                  )
                                             )
12                                           )
           Defendant(s).                     )
13 ─────────────────────────────            )

14 1.     I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule

15        4(c) of the Arizona Rules of Civil Procedure. I further swear that on September 29, 2024, I

16        received; Summons,  Certificate of Compulsory Arbitration and a Plaintiffs Complaint from The

17        Plaintiff(s).

18 2.     I then proceeded to successfully serve the above described documents on County of Maricopa at

19        Clerk Of the Maricopa County Board of Supervisors office, 301 W. Jefferson, 10th Fl., Phoenix, AZ

20        on September 30, 2024 at approximately 2:52 pm. Maria Valdez, Special Deputy Clerk, came to

21        the lobby. I then verbally identified, verified she could accept service and served her for Maricopa

22        County.

23 3.     This is considered to be personal service.

24 4.     The fee I charged for this service was $85.

25 I declare under the penalty of perjury that the foregoing is true and correct

26

27 Gary Steiner                                        Date   10/2/24

28                              Page 1

29

CLERK OF THE
SUPERIOR COURT
FILED
A. MITTELSTAEDT, DEP

24 OCT -2 PM 1: 40

1  T. Scott Legal Support Services
   Gary Steiner  ID# MC 7767
2  (480) 227-7297
3  Tscottlegal2007@aol.com

4              **SUPERIOR COURT OF ARIZONA**
                    **MARICOPA COUNTY**
5

6  In re the matter of:                    )
7  BARBARA JOHNSON, et al.,                )
8                                          )     Case No: CV2024-024836
                                           )
9         Plaintiff(s),                    )     **CERTIFICATE OF SERVICE**
                                           )
10 v.                                      )
                                           )
11 CITY OF PHOENIX, et al.,                )
                                           )
12        Defendant(s).                    )
13  _____  )

14  1.   I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to
15       Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on September 29,
16       2024, I received; Summons, Certificate of Compulsory Arbitration and a Plaintiffs Complaint
17       from The Plaintiff(s).

18  2.   I then proceeded to successfully serve the above described documents on Russ Skinner at
19       Maricopa County Sheriff's Office, 550 W. Jackson, Phoenix, AZ on September 30, 2024 at
20       approximately 2:40 pm. Yana Sarumov, Legal Liaison came to the lobby. I then verbally
21       identified, verified she could accept service and served her for Russ Skinner.

22  3.   This is considered to be personal service.
23
24  4.   The fee I charged for this service was $85.

    I declare under the penalty of perjury that the foregoing is true and correct
25
26  _____          _____
    Gary Steiner                             Date
27

28                              Page 1
29

# Exhibit B-6
## Verification of Pamela A. Hostallero

**VERIFICATION OF PAMELA HOSTALLERO**

STATE OF ARIZONA)

                         )ss.

County of Maricopa    )

      I, Pamela Hostallero, declare under penalty of perjury that I am a Deputy County Attorney with the Maricopa County Attorney's Office, Civil Services Division and that the attached documents are true and complete copies of all pleadings and other documents filed in the state court proceeding *Barbara Johnson, et al. v.City of Phoenix et al.,* Maricopa County Superior Court Case No. CV2024-024836.

                        DATED this 21st day of October, 2024.

                        RACHEL H. MITCHELL
                        MARICOPA COUNTY ATTORNEY


                        BY: */s/ Pamela Hostallero*
                            PAMELA HOSTALLERO
                            Deputy County Attorney

# Exhibit C

Superior Court Notice of Removal to District Court

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:    PAMELA A. HOSTALLERO (026711)
       MICHAEL E. GOTTFRIED (010623)
       Deputy County Attorneys
       hostallp@mcao.maricopa.gov
       gottfrim@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone: (602) 506-7667
Facsimile: (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No.: 00032000

*Attorneys for Defendant Maricopa County
and Russ Skinner*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| BARBARA JOHNSON, an individual, for herself and on behalf of and as pending Personal Representative of the Estate of Cassidy Stigler,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHOENIX, a government entity; COUNTY OF MARICOPA, a government entity; RUSS SKINNER and JANE DOE SKINNER; JAMES JARVIS II and JANE DOE JARVIS II,<br><br>Defendants. | No. CV2024-024836<br><br>**NOTICE OF FILING NOTICE OF REMOVAL IN UNITED STATES DISTRICT COURT OF ARIZONA**<br><br>**(Negligence)**<br><br>(Honorable Randall H. Warner)<br><br>Tier III |

TO THE CLERK OF THE COURT AND PLAINTIFF:

PLEASE TAKE NOTICE THAT Defendants County of Maricopa and Russ

Skinner ("Defendants") hereby notify this Court that they have filed a Notice of Removal

of this action to the United States District Court for the District of Arizona. A copy of the Notice of Removal (without attachments) is attached hereto as Exhibit A.

**RESPECTFULLY SUBMITTED** this 21ST day of October 2024.

**MARICOPA COUNTY ATTORNEY**

BY: /s/Pamela Hostallero
      PAMELA A. HOSTALLERO
      MICHAEL E GOTTFRIED
      Deputy County Attorneys
      *Attorneys for Defendant Maricopa County*

1

## <u>CERTIFICATE OF SERVICE</u>

2

3          I hereby certify that on October 21, 2024, I caused the foregoing document to be
electronically transmitted to the Clerk's Office using the TurboCourt System for filing and
transmittal of a Notice of Electronic Filing to the following TurboCourt registrants.

4

5   Honorable Randall H. Warner
    **MARICOPA COUNTY SUPERIOR COURT**

6   101 West Jefferson Street ECB 712
    Phoenix, Arizona 85003

7

8   Sean A Woods
    Robert T. Mills

9   **MILLS + WOODS LAW, PLLC**

10  5055 North 12th Street, Suite 101
    Phoenix, Arizona 85014

11  swoods@millsandwood.com
    *Attorney For Plaintiff*

12

13

14  /s/ D. Shinabarger

15
    S:\CIVIL\CIV\Matters\CJ\2024\Johnson (Stigler) v. City of Phx 2024-1175\Pleading\Word PDF\Removal Docs\NO of Removal in SC 10.11.24.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Notice of Removal to file filed in US District Court

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By: PAMELA A. HOSTALLERO (026711)
    MICHAEL E. GOTTFRIED (010623)
    Deputy County Attorney
    hostallp@mcao.maricopa.gov
    gottfrim@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorney for Defendant Maricopa County
and Russ Skinner

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Johnson, an individual, for herself and on behalf of and as pending Personal Representative of the Estate of Cassidy Stigler, <br><br> Plaintiff, <br><br> v. <br><br> City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Russ Skinner and Jane Doe Skinner; James Jarvis II and Jane Doe Jarvis II, <br><br> Defendant. | NO. <br><br> **NOTICE OF REMOVAL OF MARICOPA COUNTY SUPERIOR COURT CASE NO. CV2024-024836 TO THE UNITED STATES DISTRICT COURT** |

Defendants, County of Maricopa and Russ Skinner (Defendants) by and through

undersigned counsel and pursuant to 28 U.S.C. §§1441(c), §1446(a), and Rule 3.6, Rules

of Practice of the United States District Court for the District of Arizona, notice the removal of the above-captioned case, cause number CV2024-024836, from the Arizona Superior Court, Maricopa County, to this Court, and in support of removal assert the following:

1.      On or about September 9, 2024, Plaintiff filed a Complaint against Defendants in the Superior Court of the State of Arizona for the County of Maricopa under the caption *Barbara Johnson, an individual, for herself and on behalf of and pending Personal Representative of the Estate of Cassidy Stigler v. City of Phoenix, a governmental entity; County of Maricopa, a government entity; Russ Skinner and Jane Doe Skinner; James Jarvis II and Jane Doe Jarvis II,* No. CV2024-024836. A copy of the Complaint and all other documents previously filed in this matter and served on Defendants is attached hereto as Exhibit A.

2.      The Complaint was served on Defendants County of Maricopa and Russ Skinner on October 2, 2024.

3.      The Defendants have not pleaded, answered, or otherwise appeared in the action.

4.      This Notice of Removal is filed within 30 days after service of the Complaint and is therefore timely filed under 28 U.S.C. § 1446(b).

5.      The lawsuit filed in Maricopa County, among other claims, alleges 42 U.S.C. § 1983 causes of action, *Monell,* tortious interference of life insurance and negligent supervision, training, and discipline of employees.

6.      By reason of the above facts, (a) the United States District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1331, because one or more claims asserted by the Plaintiff arises under the Constitution, laws, or treaties of the United States; and (b) the case is removable pursuant to 28 U.S.C. § 1441(c). All Defendants who have been served consent to the removal of this action.

7.     A Notice of Filing of Notice of Removal, a true and correct copy of which is attached as Exhibit B, has been filed in the Arizona Superior Court, County of Maricopa, on behalf of Defendants.

WHEREFORE, Defendants respectfully requests that the above action now pending in the Arizona Superior Court, Maricopa County, be removed to this Court.

**RESPECTFULLY SUBMITTED** this 21st day of October 2024.

RACHEL MITCHELL
MARICOPA COUNTY ATTORNEY


BY:  /s/ Pamela A. Hostallero
PAMELA A. HOSTALLERO
MICHAEL E. GOTTFRIED
Deputy County Attorneys
*Attorney for Defendant's Maricopa County and Russ Skinner*

## CERTIFICATE OF SERVICE

Per Article II(D)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, "No certificate of service is required when a paper is served by filing it with the court's electronic-filing system." If the foregoing document is served on a party not listed in the Court's Case Management/Electronic Case Files (CM/ECF) System, service by paper copy will be indicated below or a certificate of service will be filed separately within a reasonable time after service.


*/s/ D. Shinabarger*

S:\CIVIL\CIV\Matters\CJ\2024\Johnson (Stigler) v. City of Phx 2024-1175\Pleading\Word PDF\Removal Docs\NO of Removal in DC 10.11.24.docx

**Deb Shinabarger (MCAO)**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Monday, October 21, 2024 11:51 AM |
| **To:** | Deb Shinabarger (MCAO); Darcie Loucks (MCAO) |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

**This Message Is From an External Sender**
This message came from outside your organization. Please use caution when corresponding outside the county.

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #10457262 has been delivered to Maricopa County - Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2024024836 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Filed By: Pamela Hostallero
AZTurboCourt Form Set: #10457262
Delivery Date and Time: Oct 21, 2024 11:51 AM MST

Forms:

Attached Documents:
Notice: Notice of Filing Notice of Removal to District Court

E-Service notification was sent to the following recipient(s):

Sean A. Woods at swoods@millsandwood.com