OFFICE OF THE CITY ATTORNEY
JULIE M. KRIEGH, City Attorney State Bar No. 021175
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Jody C. Corbett, Bar No. 019718
Assistant City Attorney
Karen Stillwell, Bar No. 022711
Assistant Chief Counsel
*Attorneys for Defendants City of Phoenix and James Jarvis II*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Barbara Johnson,<br><br>                Plaintiff,<br><br>v.<br><br>Phoenix, City of, et. al.,<br><br>                Defendants. | Case No. 2:24-cv-02860-SPL--JZB<br><br>**DEFENDANTS CITY OF PHOENIX AND JAMES JARVIS II'S MOTION TO DISMISS** |

Pursuant to Fed. R. Civ. P. 12(b)(6), A.R.S. § 12.820.05(B), and A.R.S. § 12.820.04, Defendants City of Phoenix and James Jarvis II (collectively "City Defendants"), through undersigned counsel, move to dismiss all of Plaintiff Barbara Johnson's ("Plaintiff") claims against them on the following bases: (1) the Complaint fails to state a federal claim under 42 U.S.C. § 1983 against Defendant James Jarvis II ("Officer Jarvis") in his individual capacity or his official capacity (or the City of Phoenix (the "City") to the extent Plaintiff is attempting to assert one) in Count I; (2) Officer Jarvis is entitled to qualified immunity for Plaintiff's claim against him in Count I; (3) the City is immune from Plaintiff's claim for simple negligence in Count II under Arizona common law; (4) pursuant to A.R.S. 12-820.05(B), the City is not liable for damages for alleged acts of its officers that amount to criminal felonies;

(5) Count II should be dismissed as to the City because negligent/gross negligent use of force is not a recognized cause of action under Arizona law pursuant to the Court's holding in *Ryan v. Napier*, 254 Ariz. 54 (2018); (6) Plaintiff's Complaint fails to state facts demonstrating gross negligence by the City or its employees; and (7) punitive damages cannot be awarded against the City under either state or federal law or against Officer Jarvis in his official capacity. The motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The only factual allegations in Plaintiff's Complaint against the City and its employees and/or Officer Jarvis are the following: on September 8, 2023, "Phoenix Police officers" arrested her daughter, Cassidy Stigler ("Stigler"), on a misdemeanor warrant and for the alleged possession of drugs and drug paraphernalia (Doc. 1-2, p. 13, ¶ 25); during the course of Stigler's arrest, a "violent confrontation ensued" and Officer Jarvis "violently attacked [Stigler]" (Doc. 1-2, p. 13, ¶¶ 26-27); "[d]uring that confrontation, [Stigler's] head struck the pavement multiple times" (Doc. 1-2, p. 13, ¶ 28). There are no factual allegations detailing what specific actions Officer Jarvis took as part of this "confrontation." The remaining factual allegations in the Complaint involve alleged actions or inactions by Maricopa County employees and do not allege any wrongdoing by the City or any of its employees. (Doc. 1-2, pp. 13-96).

Plaintiff's Complaint asserts two causes of action. Count I is a claim under 42 U.S.C. § 1983 for violation of constitutional rights, which Plaintiff states is only against Officer Jarvis "in his official capacity and individual capacities." (Doc. 1-2, pp. 20-21, ¶¶ 97-110). However, throughout Count I, Plaintiff refers to "Defendants"—thus it is unclear exactly which Defendant he is asserting violated Stigler's constitutional rights. Count II is a claim for negligence and gross negligence under Arizona law against the City, Maricopa County and

Sheriff Skinner. (Doc. 1-2, pp. 22-24, ¶¶ 111-129). Finally, Count III is a federal claim under 42 U.S.C. § 1983 against the Maricopa County Defendants only. (Doc. 1-2, pp. 24-25, ¶¶ 130-140).

## II.   LEGAL ARGUMENT

### A.   Standard for Stating a Claim Under Federal Law.

Pursuant to federal law, to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations to support the claims asserted and not just "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s] devoid of 'further factual enhancement.'" *Id.* (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001). Causes of action that fail to state a claim upon which relief can be granted are subject to dismissal under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, neither of the two causes of action Plaintiff states she is asserting against the City and/or Officer Jarvis set forth cognizable claims that can be brought under federal or Arizona law, and/or they fail to state sufficient facts to state a claim upon which relief can be granted.

### B.   Plaintiff Fails to State a Claim Against Officer Jarvis in His Individual Capacity.

To state a claim against an individual government employee, there must be facts alleged to demonstrate that the employee violated a constitutional right. "A person subjects another to

3

the deprivation of a constitutional right, within the meaning of [42 U.S.C. § 1983], if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). A police officer cannot be held liable under Section 1983 simply because of the officer's "membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002); *see also Motley v. Parks*, 432 F.3d 1072, 1082 (9th Cir. 2005); *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). In her Complaint, Plaintiff simply alleges that Officer Jarvis was involved in a "violent confrontation" with Stigler during which he "attacked" her. Plaintiff fails to allege any actions by Officer Jarvis that would constitute a violation of Stigler's constitutional rights. Therefore, Count I of Plaintiff's Complaint fails to state a claim for a constitutional violation by Officer Jarvis and Count I should be dismissed.

### C. Officer Jarvis is Entitled to Qualified Immunity.

Even if the Complaint did allege facts to show the violation of a constitutional right, Officer Jarvis is entitled to qualified immunity. The United States Supreme Court has held that "[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78-79 (2017) (internal quotation marks omitted). A right is clearly established when it is "sufficiently clear that **every** reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (emphasis added and internal quotation marks omitted). Qualified immunity thus protects "all but the plainly incompetent or those who knowingly violate the law." *Rico v, Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020), *quoting Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The plaintiff bears the burden of proof to show that a right was clearly established. *Shooter v.*

4

*Arizona*, 4 F.4th 955, 961 (9th Cir. 2021). Thus, unless Plaintiff can show that Officer Jarvis violated a clearly established law under the specific circumstances of this case, then qualified immunity applies.

Although "[the United States Supreme] Court's case law 'do[es] not require a case directly on point' for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question **beyond debate**.'" *White*, 580 U. S. at 79 (emphasis added and internal quotation marks omitted). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (internal quotation marks omitted). In analyzing whether rights are clearly established, the Court must look to then-existing "cases of controlling authority" or, absent such cases, to a "robust consensus" of persuasive authorities. *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 617 (2015); *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021). The court must consider whether "the violative nature of [the defendant's] **particular** conduct is clearly established . . . in light of the **specific context** of the case.'" *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020), *quoting Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016)). The United States Supreme Court has implied that constitutional rights can only be clearly established with on-point Supreme Court precedent and that controlling Circuit precedent is not sufficient to demonstrate clearly established law. *See Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5-8 (2021). Plaintiff bears the burden of demonstrating that a right was clearly established prior to the claimed unlawful conduct by the officer. *See McCrae v. City of Salem*, 2023 WL 2447438, at *5 (D. Or. Mar. 10, 2023). Therefore, to demonstrate that any right of Stigler's that Plaintiff claims was violated in this case was clearly established, Plaintiff must cite on-point Supreme Court precedent, or at a minimum, a "robust consensus" of controlling Circuit precedent. As set forth above, Plaintiff fail to even identify what specific action Officer Jarvis took other than being involved in a "confrontation" and "attacking"

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

5

Plaintiff. Based on these vague allegations, Officer Jarvis could have been verbally "attacking" Plaintiff, which would not rise to the level of a constitutional violation. Thus, Officer Jarvis is entitled to qualified immunity for the claim against him in Count I.

### D. Plaintiff's Complaint Fails to State a Claim Against Officer Jarvis in His Official Capacity (or the City to the Extent She is Attempting to Assert One).

In Count I, Plaintiff is asserting the claim against Officer Jarvis in his official and individual capacities. (Doc. 1-2, p. 13, ¶ 101). However, she also refers to "Defendants" several times in Count I, so it is unclear if she is also attempting to assert the claim against the City. Regardless, a claim against an individual government official in his official capacity is the same as a suit against the government entity itself. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). To bring a constitutional claim against a municipality under 42 U.S.C. § 1983, as opposed to an individual government employee, a plaintiff must allege that the policy, practice, or custom caused the alleged injury. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694–95 (1978). To assert a claim under *Monell,* a plaintiff must allege that: (1) he was deprived of a constitutional right; (2) the municipality had a policy, practice or custom; (3) the policy, practice or custom amounted to deliberate indifference to his constitutional right; and (4) the policy, practice or custom was the moving force behind the constitutional violation. *Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020); *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). In this case, Plaintiff fails to allege any facts in her Complaint to demonstrate that a policy, practice, or custom of the City caused a violation of Stigler's constitutional rights. Therefore, Count I must be dismissed as to Officer Jarvis in his official capacity and to the extent Plaintiff is attempting to assert it against the City.

### E. The City is Immune from Plaintiff's Claims for Simple Negligence Under Arizona Law.

Count II of Plaintiff's Complaint is for "negligence and gross negligence" against the City.[1] Under Arizona law, governmental entities are entitled to qualified immunity from simple negligence for the discretionary actions of their police officers made in the course of their official duties. *See* A.R.S. § 12-820.05(A) (stating that the Arizona immunity statutes "shall not be construed to affect, alter or otherwise modify any other rules of tort immunity regarding public entities and public officers as developed at common law"); *Landeros v. City of Tucson*, 171 Ariz. 474, 475, 831 P.2d 850, 851 (App. 1992) (holding that police officers are entitled to common law qualified immunity from a claim of negligence "to assure continued vigorous police work"). The Arizona Court of Appeals has specifically held that that "[c]ommon law qualified immunity generally provides public officials, including police officers and firefighters, limited protection from liability when 'performing an act that inherently requires judgment or discretion.'" *Spooner v. City of Phoenix*, 246 Ariz. 119, 123, ¶ 9, 435 P.3d 462, 466 (App. 2018), *quoting Chamberlain v. Mathis*, 151 Ariz. 551, 555, 558, 729 P.2d 905, 909, 912 (1986). In *Spooner*, the Court of Appeals explained that "[t]his accommodation for discretionary acts exists because 'officials should not err always on the side of caution' for fear of being sued." *Id.*, *quoting State v. Superior Court (Donaldson)*, 185 Ariz. 47, 50, 912 P.2d 51, 54 (App. 1996). The court further explained, "the doctrine thus 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.*, *quoting Donaldson*, *supra*. Therefore, "a public official performing a discretionary act encompassed within her public duties is shielded from liability for simple negligence." *Id.*, *citing Chamberlain*, 151 Ariz. at 558, 729 P.2d at 912.

---

[1]Notably, throughout Count II, Plaintiff groups the City, Maricopa County and Sheriff Skinner as "Defendants." However, Plaintiff continuously refers to actions taken (or not taken) at the Maricopa County Jail. These claims cannot be asserted against the City as the City and its officers are not involved nor responsible for monitoring the "security and welfare of the inmates housed in the Jail." (Doc. 1-2, pp. 14-15, ¶¶ 112-28).

The only reference in Count II to the City or any City employee is an allegation that Officer Jarvis should have used "available de-escalation" techniques when he was arresting her. (Doc. 1-2, pp. 22-23, ¶¶ 114, 120). This allegation is clearly based on a discretionary act by the City's police officers, and specifically Officer Jarvis. Thus, Plaintiff's claim for simple negligence against the City in Count II is barred by common law qualified immunity.

### F. The City is Not Liable for Damages for Alleged Acts of its Officers that Amount to Criminal Felonies.

Pursuant to A.R.S. § 12-820.05(B), "[a] public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action." A felony conviction is not a prerequisite to the application of immunity under A.R.S. § 12-820.05. Indeed, in *State v. Heinze*, 196 Ariz. 126, 130, 993 P.2d 1090, 1094 (App. 1999), the Arizona Court of Appeals held that a similar statute did not require a criminal conviction. In *Heinze*, the court analyzed whether the State had a duty to indemnify a former State employee who was alleged to have sexually harassed other employees. *Id.* at 128, ¶ 1, 993 P.2d at 1092. The statute at issue in *Heinze* excluded from state insurance coverage "an act or omission determined by a court to be a felony." *Id.* at 130, ¶ 16, 993 P.2d at 1094. The Court of Appeals held that because the statute did not specify that the state employee must have been ***convicted*** of a felony, or exclude only losses arising from acts or omissions determined by a ***criminal*** court to be a felony, a civil court could make the determination that the alleged actions by the employee constituted a felony. *Id.* at 130, 993 P.2d at 1094; *see also McGrath v. Scott*, 250 F. Supp. 2d 1218, 1234 (D. Ariz. 2003) (holding that the immunity in A.R.S. § 12–820.05(B) applied despite the lack criminal court finding that the officer's action constituted a felony).

Pursuant to A.R.S. § 13-1204(A)(1), a person commits an aggravated assault, which is a felony, if he commits an assault that "causes serious physical injury to another." In her

8

Complaint, Plaintiff alleges that Stigler "sustained severe and permanent injuries and eventually lost her life." (Doc. 1-2, p. 23, ¶ 121). There is no allegation in Plaintiff's Complaint that the City knew of a propensity on the part of Officer Jarvis or any other officer to commit aggravated assault or use excessive force of any kind. Therefore, the City is immune from suit under Arizona law Plaintiff's claims against it in Count II.

### G. Plaintiff Cannot Assert a Claim Against the City for "Negligent" Use of Force.

Negligent use of force is not a recognized cause of action under Arizona law. A party in Plaintiff's position cannot pursue a negligence claim for the use of intentional force or even for the internal evaluation or decisions that led to the use of intentional force. *Ryan v. Napier*, 245 Ariz. 54, 60–61, ¶¶ 20-22, 425 P.3d 230, 236–37 (2018). In *Ryan*, the Arizona Supreme Court concluded "that negligence and intent are mutually exclusive grounds for liability," and held that "negligent use of intentionally inflicted force" is not a cognizable claim. *Id.*

> We also disagree with the court of appeals . . . that negligence liability can result from a law enforcement officer's 'evaluation' of whether to intentionally use force against another person. A negligence claim requires either 'an act' or a failure to 'act.' An 'act' is 'an external manifestation of the actor's will.' An actor's internal evaluation about whether to use force and the decision to do so are not 'acts' and therefore cannot, by themselves, constitute negligence.

*Id.* at ¶ 22 (citations & quotations omitted). *See also Leibel v. City of Buckeye,* 364 F. Supp. 3d 1027, 1045 (D. Ariz. 2019); *Hernandez v. Town of Gilbert*, 2019 WL 1557538 (D. Ariz. 2019); *Adame v. City of Surprise*, 2019 WL 2247703 (D. Ariz. 2019) ("Negligent use of excessive force is no longer a viable claim under Arizona law under these circumstances."). In Count II of the Complaint, Plaintiff specifically alleges that Officer Jarvis used "excessive force." Thus, it is clear that her claim for negligence in Count II against the City is based on excessive force and that claim is barred and must be dismissed.

. . .

H. **Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted for Gross Negligence.**

Even in the unlikely event the Court finds that Plaintiff's negligence claim is not barred by A.R.S. § 12-820.05(B) or not based on a claim of excessive force and thus barred for that reason, Plaintiff's Complaint fails to state a claim for gross negligence against the City. To state a claim for gross negligence, a plaintiff must allege facts demonstrating that the defendant acted or failed to act when he or she had "reason to know facts which would lead a reasonable person to realize that his or her conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." *Walls v. Arizona Dep't of Pub. Safety*, 170 Ariz. 591, 595, 826 P.2d 1217, 1221 (App. 1991). "Gross negligence differs from ordinary negligence in quality and not degree." *Id.* Gross negligence "is flagrant and evinces a lawless and destructive spirit." *Id.*, quoting *Scott v. Scott*, 75 Ariz. 116, 122, 252 P.2d 571, 575 (1953). Whether a claim for gross negligence can proceed is an issue of law that can be determined by the court. *Walls*, 170 Ariz. at 595, 826 P.2d at 1221. In this case, there are no allegations in the Complaint suggesting that the City or any of its employees acted flagrantly, or with a lawless and destructive spirit. As set forth above, there are no factual allegations in the Complaint regarding what specific actions Officer Jarvis allegedly took other than being involved in a "violent confrontation" with Plaintiff. This is insufficient detail to demonstrate flagrant action that "evinces a lawless and destructive spirit." Therefore, Plaintiff's Complaint fails to state a claim against the City for gross negligence in Count II and that claim should be dismissed.

I. **Punitive Damages Cannot Be Awarded Against the City Under Arizona Law or Against the City and Officer Jarvis in his Official Capacity Under Federal Law.**

Pursuant to A.R.S. § 12-820.04, "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Therefore, Plaintiff cannot recover punitive damages for her state law negligence claims against the City.

Further, to the extent Plaintiff is asserting a federal claim against Officer Jarvis in his official capacity and the City, punitive damages are not recoverable for those claims. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that "punitive damages are not recoverable under 42 U.S.C. § 1983 against municipalities or individual government officials in their official capacity"). Therefore, Plaintiff's claim for punitive damages against the City and Officer Jarvis in his official capacity should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the City Defendants respectfully request that all claims in Plaintiff's Complaint against them be dismissed with prejudice.

### IV. CERTIFICATION PURSUANT TO LRCIV 12.1(c)

Undersigned counsel for the City Defendants certify to the Court that before filing this Motion, they met and conferred with counsel for Plaintiff by e-mail and telephone regarding the bases on which the City Defendants would be seeking to dismiss the Complaint. The parties were unable to agree that the Complaint was curable in any part by a permissible amendment at this time.

RESPECTFULLY SUBMITTED this 9th day of January, 2025.

JULIE M. KRIEGH, City of Phoenix Attorney

By: s/ Jody C. Corbett
Jody C. Corbett
Assistant City Attorney
Karen Stillwell
Assistant Chief Counsel
*Attorneys for Defendants City of Phoenix and James Jarvis II*

### CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

11

Sean A. Woods
Robert T. Mills
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

Pamela A. Hostallero
Michael E. Gottfried
CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
hostallp@mcao.maricopa.gov
gottfrim@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Defendant Maricopa County and Russ Skinner*

By:     s/ *M. Elena Sandoval*