Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Johnson, an individual, for herself and on behalf of and as pending Personal Representative of The Estate of Cassidy Stigler,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Russ Skinner and Jane Doe Skinner; James Jarvis II and Jane Doe Jarvis II,<br><br>Defendants. | Case No.: CV-24-02860-PHX-SPL (JZB)<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS CITY OF PHOENIX AND JAMES JARVIS II'S MOTION TO DISMISS**<br><br>(Assigned to the Hon. Steven P. Logan and referred to the Hon. John Z Boyle) |

Through undersigned counsel, Plaintiffs Barbara Johnson, for herself and on behalf of and as pending Personal Representative of The Estate of Cassidy Stigler (collectively, "Plaintiffs"), hereby respond in opposition to "Defendants City of Phoenix and James Jarvis II's Motion to Dismiss" (the "MTD") filed by Defendants City of Phoenix (the "City") and James Jarvis II ("Defendant Jarvis") (collectively, the "City Defendants"). This Response is supported by Plaintiffs' Complaint (the "Complaint"), the relevant parts of the record, and the Memorandum of Points and Authorities below.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    LEGAL ARGUMENT

### A.    Standard of Review

"[T]o survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"In considering a motion to dismiss, a court assumes the truth of the [Complaint's] allegations and all reasonable inferences from them, and construes them in the light most favorable to the plaintiff." *Hobbs v. Oppenheimer*, No. CV-22-00290-TUC-JCH, at *5 (D. Ariz. Nov. 9, 2022) (first citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007); and then citing *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56 (Ariz. 2012)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Moreover, the court properly resolves any doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The probability of success at trial should not be considered, as "a well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal citation omitted). Facts pled are assumed to be true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible,

2

plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Consequently, "[a] motion to dismiss for failure to state a claim is disfavored and rarely granted," *Addy v. State Farm Ins. Cos.*, No. CV 09-02674-PHX-JAT, at *2 (D. Ariz. Apr. 7, 2010) (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997), and "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support [a] cognizable legal theory," *Briggs v. Montgomery*, No. CV-18-02684-PHX-EJM, at *6 (D. Ariz. June 18, 2019) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

B. **By Violently Attacking and Beating Her, Throwing Her to the Ground, and Causing Her Head to Smash into the Pavement Multiple Times, When She Was Unarmed and Not Resisting, Defendant Jarvis Violated Cassidy Stigler's Constitutional Rights.**

In the face of the disturbing allegations against him in the Complaint, City Defendants advance the audacious argument that Plaintiffs fail to allege he violated decedent Cassidy Stigler's ("Cassidy's") constitutional rights. Frankly, that argument strains credulity to, and then right past, its breaking point.

As alleged, Cassidy was arrested by City police for a misdemeanor warrant and a non-violent drug offense. *See* Compl. ¶ 25. Thereupon, "[a] violent confrontation ensued." *Id.* ¶ 26. While officers alleged she resisted arrest, according to the Complaint she "was not capable of resisting arrest" and was unarmed, "5'3" and only 100 lbs." *See id.* ¶¶ 26,

3

29-30; *see also id.* ¶¶ 104-07 (alleging it should have been clear to Defendant Jarvis that she was unarmed). As alleged, "Defendant Jarvis violently attacked Cassidy," and "[d]uring that confrontation, Cassidy's head struck the pavement multiple times. *Id.* ¶¶ 27-28; *see also id.* ¶ 3 (stating she was "beaten, thrown to the ground, and had her head smashed into the ground multiple times"). Following this violent attack, she spent approximately nine (9) hours in the hospital. *Id.* ¶ 31. The very next day, she "was found dead, face down in her cell, with visible injuries to her head, neck, and other areas of her body." *Id.* ¶ 77; *see also id.* ¶¶ 78-80 (noting "post-mortem photos" showed "[she] suffered blunt force trauma to her forehead and jaw, as well as injuries to her neck" and listing numerous external injuries found by the medical Examiner Report). Plaintiffs allege Defendant Jarvis directly caused these injuries to Cassidy's head and body. *Id.* ¶¶ 108, 110.

Completely unsurprisingly, caselaw consistently and wholeheartedly agrees that such conduct violates the constitution. For example, "[t]he Ninth Circuit has **long held** that 'where there is no need for force, any force used is constitutionally unreasonable.'" *Tillard v. Strawser*, CV 20-00922-PHX-JAT (DMF), at *16 (D. Ariz. Jan. 25, 2022) (emphasis added) (quoting *Headwaters Forest Def. v. Cnty. of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2000), *vacated and remanded on other grounds, Cnty. of Humboldt v. Headwaters Forest Def.*, 534 U.S. 801 (2001)) (holding that in light of copious Ninth Circuit precedent, a police officer was on sufficient notice that using force against an individual who "was not threatening the officer, resisting, or causing any provocation, would violate the Fourth Amendment"); *see also Motley v. Parks*, 432 F.3d 1072, 1088

(9th Cir. 2005) (holding that "[]he use of force against a person who is helpless or has been subdued is constitutionally prohibited"), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012); *P.B. v. Koch*, 96 F.3d 1298, 1303-04 & n.4 (9th Cir. 1996) (noting that "since there was no need for force, [the defendant's] use of force was objectively unreasonable"); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (holding officers not entitled to qualified immunity because the state of the law put the officers on notice that "punching [the plaintiff] to free his arms when, in fact, he was not manipulating his arms in an attempt to avoid being handcuffed," violated the Fourth Amendment). More broadly, any excessive or unnecessary force against a suspect violates the Constitution. For instance, "[i]n 2003, . . . the Ninth Circuit found that the 'officers' use of severe force was constitutionally excessive' in light of the fact that the force was used when the plaintiff was 'handcuffed and lying on the ground,' and the officers were not entitled to qualified immunity." *Tillard*, CV 20-00922-PHX-JAT (DMF), at *16 (quoting *Drummond v. City of Anaheim*, 343 F.3d 1052, 1059, 1062 (9th Cir. 2003) (holding that "no federal case directly on point [was needed] to establish" that the conduct at issue violated clearly established law and constituted excessive force)); (first citing *Motley*, 432 F.3d at 1088; then citing *Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001) ("[g]ratuitous and completely unnecessary acts of violence by the police during a seizure violate the Fourth Amendment"); then citing *Koch*, 96 F.3d at 1303-04 & n.4; and then citing *Blankenhorn*, 485 F.3d at 481.

Here – in sum – the Complaint, with its allegations, all reasonable inferences therefrom, and any doubts all construed in Plaintiffs' favor, as they must be, *see Hishon*,

5

467 U.S. at 73; *Twombly*, 550 U.S. at 550; *Hobbs*, No. CV-22-00290-TUC-JCH, at *5, alleges that Defendant Jarvis used excessive or unnecessary force against Cassidy by violently attacking, beating, and severely injuring her, all while she was unarmed and not resisting, thus causing her death, *see* Compl. ¶¶ 3, 25-31, 77-80, 104-110.  If such conduct on the part of a government official does not constitute a constitutional violation (and it clearly does), it is difficult to imagine what would.  Count I states a claim against Defendant Jarvis for a constitutional violation, and should not be dismissed.

### C. It Was Cearly Established Law at the Time of Cassidy's Death That Violently Attacking an Unarmed and Unresisting Suspect Violates Their Constitutional Rights.

City Defendants next argue that Defendant Jarvis is entitled to qualified immunity for his conduct because it was not proscribed by clearly established law.  Government officials are not entitled to qualified immunity when: (1) a plaintiff's allegations make out a violation of a constitutional right, and; (2) the right was clearly established at the time of the official's alleged misconduct. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1249 (9th Cir. 2016).  In arguing that even if Defendant Jarvis violated Cassidy's Constitutional Rights, he is nevertheless entitled to qualified immunity because he did not violate clearly established law, City Defendants compound their already-pronounced error.

"[The] requirement [that the right be clearly established] does ***not*** mean that the very action at issue must have been held unlawful before qualified immunity is shed." *Wall v. County of Orange*, 364 F.3d 1107, 1111 (9th Cir. 2004) (emphasis added) (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).  Rather, "a victim's constitutional rights may be clearly established ***in the absence of a case 'on all fours*** prohibiting [the] particular

6

manifestation of unconstitutional conduct [at issue].'" *Boyd v. Benton County*, 374 F.3d 773, 781 (9th Cir. 2004) (citations omitted) (emphasis added) (quoting *Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001)). Indeed:

> when an officer's conduct "is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts that the action was unconstitutional, ***closely analogous pre-existing case law is not required*** to show that the law is clearly established."

*Id.* (emphasis added) (citations omitted) (quoting *Deorle*, 272 F.3d at 1286).

Instead, Courts in the Ninth Circuit "consider whether clearly established precedent established constitutional principles that the officers should have known applied to the situation." *Hill v. City of Fountain Valley*, 70 F.4th 507, 528 (9th Cir. 2023) (emphasis added) (first citing *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1164 (9th Cir. 2014); then citing *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1093 (9th Cir. 2013) ("The right to be free from the application of non-trivial force for engaging in mere passive resistance was clearly established prior to 2008."); then citing *Maxwell v. County of San Diego*, 708 F.3d 1075, 1083-84 (9th Cir. 2013); and then citing *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1074 (9th Cir. 2012) ("Although there is no case in our circuit with the same facts as those presented here, a reasonable official in [the assistant police chief's] position would have known that [his conduct] was unlawful . . . .")); *see also Maxwell v. County of San Diego*, 708 F.3d 1075, 1083 (9th Cir. 2013) ("[I]n an obvious case, [general] standards can 'clearly establish' the answer, even without a body of relevant case law." (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004))).

Citing *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5-8 (2021), City Defendants argue that "constitutional rights can only be clearly established with on-point Supreme Court

7

precedent and that controlling Circuit precedent is not sufficient . . . ." MTD 5:17-21. *Rivas-Villegas*, however, does not stand for such a proposition. Indeed, it assumes (without deciding) "that Circuit precedent ***can*** clearly establish law for purposes of § 1983 . . . ." *See* 595 U.S. at 7-8 (emphasis added). Moreover, there the Supreme Court stated that "this Court's case law does ***not*** require a case directly on point for a right to be clearly established," 595 U.S. at 7-8 (emphasis added) (quoting *White v. Pauly*, 580 U. S. ——,———, 137 S.Ct. 548, 551 (2017), and noted that "'[i]n an obvious case, [ ] standards [that are cast "at a high level of generality"] can "clearly establish" the answer, even without a body of relevant case law,'" *id.* at 8 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004)).

Here, as shown by abundant instances of Ninth Circuit caselaw as set forth in **§ I(B)**, *see* 4:16-5:25, *supra*, it was clearly established law in September 2023 that police officers violate the constitution when they use force against an unresisting suspect who poses no threat, and more broadly when they use unnecessary or excessive force beyond what is reasonable against any suspect. That is exactly what Defendant Jarvis is alleged to have done to Cassidy. *See* Compl. ¶¶ 3, 25-31, 77-80, 104-110[1]. Defendant Jarvis violated clearly established law, and thus does not have qualified immunity.

///

---

[1] In contrast to the brutal conduct displayed in the Complaint, City Defendants contend that "Plaintiff[s] fail to even identify what specific action Officer Jarvis took other than being involved in a 'confrontation' and 'attacking' [Cassidy]. Based on these vague allegations, ***Officer Jarvis could have been verbally 'attacking' Plaintiff***, which would not rise to the level of a constitutional violation." MTD 5:26-6:3 (emphasis added). In fact, the Complaint alleges that "[Defendant] Jarvis ***violently*** attacked Cassidy." Compl. ¶ 27 (emphasis added).

8

### D. **Plaintiffs' Federal Claims are Sufficiently Stated Only Against Defendant Jarvis in his Individual Capacity.**

Plaintiffs agree with City Defendants that "a claim against an individual government official in his official capacity is the same as a suit against the government entity itself," MTD 6:10-11 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)), and therefore must satisfy the standards for pleading a claim against a government entity under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694-95 (1978). Plaintiffs also agree that the Complaint does not satisfy those standards. However, Plaintiffs request that before dismissing Defendant Jarvis in his official capacity from Count I, that they be given the opportunity to amend in order to satisfy the applicable pleading standard.

### E. **City Defendants Are Not Immune From Liability for Simple Negligence for Failing to Consider the Use of De-escalation Techniques.**

City Defendants also argue that they are shielded from liability for simple negligence for Defendant Jarvis' failure to assess or consider the utilization of de-escalation, and other non-violent, techniques prior to using force against Cassidy. This argument misapplies the law.

"Common law qualified immunity generally provides public officials, including police officers, limited protection from liability when 'performing an act that inherently requires judgment or discretion.'" *Spooner v. City of Phx.*, 435 P.3d 462, 466, ¶ 9 (Ariz. App. 2018) (quoting *Chamberlain v. Mathis*, 151 Ariz. 551, 555 (Ariz. 1986)). However, even "[i]f qualified immunity applies, a public official performing a discretionary act 'within the scope of [his] public duties' may [still] be liable [ ] if []he 'knew or should have known that []he was acting in violation of established law . . . .'" *Id.* at 467, ¶ 10 (quoting

9

*Chamberlain*, 151 Ariz. at 558) (citing *Grimm v. Ariz. Bd. of Pardons & Paroles*, 115 Ariz. 260, 267-68 (Ariz. 1977).

Established law requires officers "to consider whether there [a]re any "clear, reasonable, and less intrusive alternatives" available to effect [an] arrest." *See Smith v. Chino Valley, Town of*, CV-21-08009-PCT-MTL (JZB), at *16 (D. Ariz. Aug. 4, 2023). Here, as alleged, Defendant Jarvis failed to "properly assess[] whether de-escalation techniques should be used versus excessive force," *see* Compl. ¶¶ 114, 116, "fail[ed] to use de-escalation techniques[,] and fail[ed] to use arrest techniques that did not involve a violent physical confrontation" with Cassidy, *id.* ¶ 119. Thus, Defendant Jarvis either knew, or should have known, that in so doing he was violating established law. Accordingly, he (and his employer, the City) are not shielded from liability to Plaintiffs for simple negligence. Count I should not be dismissed to the extent it alleges simple negligence.

### F. The City is Not Shielded From Liability Under A.R.S. § 12-820.05(B).

City Defendants next contend that the City is shielded from liability for Defendant Jarvis' conduct because public entities are not liable for their employees' felonies. Because Plaintiffs do not allege the City is liable due to a felony committed by Defendant Jarvis, City Defendants are again wrong.

Pursuant to A.R.S. § 12-820.05(B), "[a] public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action." City Defendants argue this shields the City from

liability here because the Complaint alleges that Defendant Jarvis committed felony aggravated assault. This argument misses the mark because, as set forth in **§ I(E)**, *supra*, the City's liability to Plaintiffs (which is solely confined to Count II) does not arise from his aggravated assault of Cassidy. Rather, it arises from Defendant Jarvis' failure to assess or consider the use of de-escalation, or other non-violent, techniques for subduing Cassidy, and his corresponding failure to utilize any of them. *See* Compl. ¶¶ 114, 116, 119-120. Thus, A.R.S. § 12-820.05(B) is inapplicable here, and the City is still liable under Count II.

### G.     Plaintiffs Do Not Assert a Claim for Negligent Use of Force Against the City.

Plaintiffs agree with City Defendants that "[n]egligent use of force is not a recognized cause of action under Arizona law." MTD 9:8-9. Nevertheless, as set forth in detail in **§§ I(E)** and **I(F)**, *supra*, Plaintiffs are not advancing a claim for the negligent use of force. As stated in detail above, Plaintiffs' negligence and gross negligence claims, contained in Count II, arise from Defendant Jarvis' failure to assess or consider the utilization of de-escalation, or other non-violent, techniques for subduing Cassidy, and his corresponding failure to utilize any of them – not from assaulting her. *See* Compl. ¶¶ 114, 116, 119-120 (alleging Defendant Jarvis breached his duty by failing to "properly assess[] whether de-escalation techniques should be used," and "by failing to use de-escalation techniques and failing to use arrest techniques that did not involve a violent physical confrontation").

City Defendants may attempt to rebut this with the following statement in *Ryan v. Napier*, 425 P.3d 230 (Ariz. 2018):

11

> negligence liability can[not] result from a law enforcement officer's 'evaluation' of whether to intentionally use force against another person. A negligence claim requires either 'an act' or a failure to 'act.' An 'act' is 'an external manifestation of the actor's will.' An actor's internal evaluation about whether to use force and the decision to do so are not 'acts' and therefore cannot, by themselves, constitute negligence.

*Id.* ¶ 22 (citations & quotations omitted). That statement, however, is inapplicable here. Plaintiffs are not alleging that Defendant Jarvis was negligent in any "'evaluation' of whether to intentionally use force." Instead, they are alleging he was negligent because he failed to even perform an evaluation as to whether to utilize available de-escalation and other less violent techniques – and, because he failed to conduct such an evaluation, he also failed to utilize any such methods. *See* Compl. ¶¶ 114, 116, 119-120. In sum, Plaintiffs' negligence claim does involve internal deliberation or decision – instead, it concerns "failure[s] to 'act'" on City Defendants' part, conduct which does amount to negligence. *See Ryan*, 425 P.3d at ¶ 22. Plaintiffs are not asserting a claim for negligent use of force, and Count II survives for this reason as well.

### H. **Plaintiffs' Claim for Gross Negligence Survives.**

City Defendants also argue that Plaintiffs have not sufficiently stated a claim for gross negligence. City Defendants are again wrong.

"Ordinarily, the issue of gross negligence is a question of fact to be decided by the jury." *Walls v. Arizona Dept. of Public Safety*, 170 Ariz. 591, 595 (Ariz. App. 1991) (citing *Southern Pac. Transp. Co. v. Lueck*, 111 Ariz. 560, 563 (Ariz. 1975)). To go "to the jury, gross negligence need not be established conclusively, but the evidence on the issue must be more than slight and may not border on conjecture." *Id.* (citing *DeElena v. Southern Pacific Company*, 121 Ariz. 563, 569 (Ariz. 1979)). "A party is grossly . . . negligent if he

acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." *Id.* (citing *Nichols v. Baker*, 101 Ariz. 151, 153 (Ariz. 1966)). Here, as alleged, and as fully set forth in all the foregoing Sections collectively, Defendant Jarvis (and by extension, the City) had reason to know that his failure to consider or evaluate the propriety of, and his failure to utilize, de-escalation or other less violent techniques for subduing Cassidy: (1) created an unreasonable risk of bodily harm to Cassidy, and also; (2) involved a high probability that substantial harm would come to her as a result. *See* Compl. ¶¶ 3, 25-31, 77-80, 104-110, 114, 116, 119-120. "Substantial harm" is exactly what came to Cassidy as a result of Defendant Jarvis' wrongful conduct. Plaintiffs have stated a claim for gross negligence sufficient to survive dismissal.

I. **Plaintiffs Agree That They May Not Recover Punitive Damages Against the City Under Either State or Federal Law.**

In stating that Plaintiffs are seeking punitive damages "against Defendants," Compl. 17:17-18, the Complaint inadvertently failed to exclude the City, and Defendant Jarvis for his State law claims, from said request. City Defendants do not contend, however, that Plaintiffs may not recover punitive damages against Defendant Jarvis in his individual capacity for their federal claims, and accordingly Plaintiffs may still seek same.

II. **CONCLUSION**

For all the foregoing reasons, the Court should deny the MTD and decline to dismiss the Complaint, in whole or in part. Nevertheless, to the extent, if any, that the Court is

13

inclined to dismiss the Complaint, Plaintiffs respectfully request the opportunity to amend rather than granting outright dismissal.

**RESPECTFULLY SUBMITTED** this 6th day of February 2025.

**MILLS + WOODS LAW, PLLC**


By  */s/ Sean A. Woods*
    Robert T. Mills
    Sean A. Woods
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiffs*

14

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jody C. Corbett
Jody.corbett@phoenix.gov
maria.sandoval@phoenix.gov
Karen Stillwell
Karen.stillwell@phoenix.gov
duvelsa.rios@phoenix.gov
**OFFICE OF THE CITY ATTORNEY**
law.civil.minute.entries@phoenix.gov
200 W Washington, Ste. 1300
Phoenix, AZ 85003
(602) 262-6761
*Attorneys for Defendant City of Phoenix and James Jarvis II*

Pamela A. Hostallero
hostallp@mcao.maricopa.gov
loucksd@mcao.maricopa.gov
shinabad@mcao.maricopa.gov
Michael E. Gottfried
gottfrim@mcao.maricopa.gov
christij@mcao.maricopa.gov
rita.kleinman@mcao.maricopa.gov
**MARICOPA COUNTY ATTORNEY**
ca-civilmailbox@mcao.maricopa.gov
225 W Madison St.
Phoenix, AZ 85003
*Attorneys for Defendants County of Maricopa and Russ Skinner*

        */s/ Ben Dangerfield*