Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Johnson, an individual, for herself and on behalf of and as pending Personal Representative of The Estate of Cassidy Stigler,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a governmental entity; County of Maricopa, a governmental entity; Russ Skinner and Jane Doe Skinner; James Jarvis II and Jane Doe Jarvis II,<br><br>Defendants. | Case No.: CV-24-02860-PHX-SPL (JZB)<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>(Assigned to the Hon. Steven P. Logan and referred to the Hon. John Z Boyle) |

Through undersigned counsel and pursuant to the Court's Order entered August 20, 2025, ECF No. 31 (the "Show Cause Order"), Plaintiff Barbara Johnson hereby submits her Response as to why this action should not be immediately remanded to state court for lack of supplemental jurisdiction. The Show Cause Order dismissed all of Plaintiff's federal claims in this action without prejudice, but did not explicitly invite Plaintiff to amend. *See* Show Cause Order at 25. The Court then ordered Plaintiff to show cause by today as to why this action should not be remanded.

Good cause exists for this action to remain in federal court at the present time, at least for a limited period pending Plaintiff's access to crucial evidence that Defendant City of Phoenix (the "City") has failed to produce despite multiple requests over a two-year period. Though all of Plaintiff's federal claims were dismissed, the dismissals were without prejudice. Plaintiff would like to move to amend in order to allege facts strengthening her federal claims enough to survive a future motion to dismiss.

The crucial evidence Plaintiff needs in order to determine whether or not she can make such allegations is the relevant officer bodycam footage (the "Bodycam Video"). Plaintiff has made multiple public records requests to the City for the Bodycam Video over a period of two years. Plaintiff's most recent public records request was submitted on August 22, 2024, more than a year ago, yet the City *still* has not produced the Bodycam Video. Plaintiff's counsel has also made repeated informal requests for that Video over the past year to the City's counsel without success, despite assurances that the Bodycam Video would soon be provided, only to hold it back pending the resolution of the Motion to Dismiss.

Withholding these public records violates Plaintiff's right to inspect and copy public records "promptly." A.R.S. §§ 39-121.01(D)(1) and -121.01(E). The City's continued obstruction flouts decades of established Arizona law. Because the Request concerns undoubtedly "public records" for purposes of Arizona Public Records Law, the City had an absolute legal duty to promptly provide the Bodycam Video. ARS. § 39-121.01(D)(1); *see also* ARS. § 39-121.01(E) (access to public records denied when requestor does not receive prompt response). "Prompt" in the context of the Public Records Law has been

defined as "'quick to act' or producing the requested records 'without delay.'" *Phoenix New Times v. Arpaio*, 217 Ariz. 533, 538, ¶13 (Ariz. 2008) (quoting *W. Valley View, Inc. v. Maricopa Cty. Sheriff's Office*, 216 Ariz. 225, 230, ¶¶20-21 (Ariz. App. 2007)). Even when records are not available for immediate production and require review before disclosure, courts have determined that a public body's failure to produce records within several months violates the Arizona Public Records Law. *See id.* at 539-40, ¶¶ 24-25 (sheriff's office's failure to disclose investigative reports within 143 days violated Public Records Law); *id.* at 541, ¶¶ 27-28 (sheriff's office's failure to disclose personnel file within 141 days violated Public Records Law); *see also, e.g.*, *ACLU*, 248 Ariz. at 30, ¶ 14 (114-day delay violated Arizona Public Records Law); *Lunney v. State*, 244 Ariz. 170, 180, ¶ 36 (Ariz. 2017) (135-day delay violated Arizona Public Records Law). In any event, the public officer or public body responsible for the records "bear[s] the burden of showing its production of [requested records] was prompt in the context of the particular facts and circumstances of the case." *ACLU of Ariz. v. Ariz. Dep't of Child Safety*, 240 Ariz. 142, 152, ¶ 32 (Ariz. 2016).[1]

Because the Bodycam Video is crucial evidence that has been unlawfully withheld from Plaintiff over a multi-year period, Plaintiff has not yet had the chance to make a determination as to whether she can allege additional facts to support her federal claims against Defendants. Had the City properly complied with its public records disclosure

---

[1] Plaintiff has not filed a public records lawsuit against the City, yet. However, based on the current position, it may be a necessary step.

3

obligations, she would have been able to make such a determination many months ago, if not much earlier.

In light of the foregoing, Plaintiff respectfully requests that rather than remanding this action to state court at this time, the Court issue a temporary stay of this matter in order to allow sufficient time for: the City to comply with its public records obligations and finally produce the Bodycam Video; Plaintiff to review the Video; Plaintiff to file her Motion for Leave to Amend, if appropriate, and; the Court to rule upon such a motion, if necessary. If Plaintiff determines that an amendment would be futile, Plaintiff will advise this Court that she has no objection to this case being remanded.

**RESPECTFULLY SUBMITTED** this 4th day of September 2025.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
　　Robert T. Mills
　　Sean A. Woods
　　5055 North 12th Street, Suite 101
　　Phoenix, AZ 85014
　　*Attorneys for Plaintiffs*

4

# CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jody C. Corbett
Jody.corbett@phoenix.gov
maria.sandoval@phoenix.gov
Karen Stillwell
Karen.stillwell@phoenix.gov
duvelsa.rios@phoenix.gov
**OFFICE OF THE CITY ATTORNEY**
law.civil.minute.entries@phoenix.gov
200 W Washington, Ste. 1300
Phoenix, AZ 85003
(602) 262-6761
*Attorneys for Defendant City of Phoenix and James Jarvis II*

Pamela A. Hostallero
hostallp@mcao.maricopa.gov
loucksd@mcao.maricopa.gov
shinabad@mcao.maricopa.gov
Michael E. Gottfried
gottfrim@mcao.maricopa.gov
christij@mcao.maricopa.gov
rita.kleinman@mcao.maricopa.gov
**MARICOPA COUNTY ATTORNEY**
ca-civilmailbox@mcao.maricopa.gov
225 W Madison St.
Phoenix, AZ 85003
*Attorneys for Defendants County of Maricopa and Russ Skinner*

    /s/ Ben Dangerfield