OFFICE OF THE CITY ATTORNEY
JULIE M. KRIEGH, City Attorney State Bar No. 021175
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Jody C. Corbett, Bar No. 019718
Assistant City Attorney
Karen Stillwell, Bar No. 022711
Assistant Chief Counsel
*Attorneys for Defendants City of Phoenix and James Jarvis II*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Barbara Johnson,<br><br>    Plaintiff,<br>v.<br><br>Phoenix, City of, et. al.,<br><br>    Defendants. | Case No. 2:24-cv-02860-SPL—JZB<br><br>**STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER** |

Pursuant to Rule 26(c)(1)(G), Federal Rules of Civil Procedure, Plaintiff Barbara Johnson, Defendants City of Phoenix and James Jarvis II, and Defendants Maricopa County and Maricopa County Sheriff Jerry Sheridan, move for entry of a Protective Order to protect police body-worn camera footage including the personally identifying information ("PII") of witnesses and the images of law enforcement officers, in accordance with Arizona state policy protecting PII and law enforcement PII and images (for the safety of those involved in the profession). Specifically, the Parties request that the Court prevent the unredacted body worn camera videos produced in this litigation from being produced or disclosed to any individual or entity outside of the litigation in this case and that any of the videos that are filed with the Court in support of a filed document be filed under seal.

1

District courts have discretion to enter protective orders governing discovery, including for the protection of private and protected information:

> [P]ursuant to Federal of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order . . . requiring that . . . confidential . . . information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The district court has "broad discretion ... to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 18-md-02843-VC (JSC), 2021 WL 3209711, at *3 (N.D. Cal. July 29, 2021). The party moving for a protective order has the burden to show good cause, namely that a "specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.2003). The Ninth Circuit has held that district courts consider the following factors in determining whether a protective order should be issued:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*In re Roman Catholic Archbishop*, 661 F.3d 417, 424 & n.5 (9th Cir. 2011) (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995). District courts must consider the possibility of whether the sensitive material can be redacted. *Id.* at 425.

In this case, there are approximately twenty-two (22) separate body worn camera videos. Some of the body worn camera videos include facial images of the officers on the scene of the investigation. While some birthdates, addresses, and state-issued identification numbers of some witnesses shown in the videos have been redacted, not all such information has been redacted. The personal information of the police officers and their images are protected by

2

A.R.S. § 39-123 and A.R.S. § 28-454. Therefore, before Defendant City of Phoenix produces the unredacted body worn camera videos to Plaintiff, the Parties agree that this information and these images should be protected from being distributed or used outside of this litigation.

      A protective order to protect the electronic documents that include information the Parties seek to protect is warranted pursuant to the seven factors this Court should consider. First, production of these unredacted videos to Plaintiff or with the Court, without a protective order, would violate the privacy interests of witnesses and police officers. Second, while some of the videos are relevant to the litigation in this case, there is no reason for them to be used outside of this litigation. Third, there is not an issue of whether a party will be embarrassed by production of the videos in this case and that factor is not relevant. Fourth, the information at issue is not important to public health and safety — it relates only to the issues being litigated in this case. Fifth, Defendant City of Phoenix seeks to share information with Plaintiff, but also protect the identity of and information about individuals who are shown in the videos, and the entry of the proposed protective order is the most efficient way to do that. Sixth, the Parties benefitting from the protective order are public employees and any non-party witness(es). Seventh, while this case involves issues important to the Parties, the entry of the requested limited protective order will not inhibit the public's right to public court information about this case. Therefore, all these factors weigh in favor of the Court entering the requested protective order.

      A proposed Protective Order is filed herewith pursuant to LRCiv. 7.1(b)(2).

. . .

. . .

. . .

. . .

. . .

RESPECTFULLY SUBMITTED this 24th day of September, 2025.

JULIE M. KRIEGH, City of Phoenix Attorney

By: s/ Jody C. Corbett
    Jody C. Corbett
    Assistant City Attorney
    Karen Stillwell
    Assistant Chief Counsel
    *Attorneys for Defendants City of Phoenix and James Jarvis II*

MILLS + WOODS LAW PLLC

By: s/ Sean A. Woods (with permission)
    Sean A. Woods
    Robert T. Mills
    *Attorneys for Plaintiffs*

MARICOPA COUNTY ATTORNEY
CIVIL SERVICES DIVISION

By: s/ Pamela A. Hostallero (with permission)
    Pamela A. Hostallero
    Michael E. Gottfried
    *Attorneys for Defendant Maricopa County and Russ Skinner*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sean A. Woods
Robert T. Mills
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

Pamela A. Hostallero
Michael E. Gottfried
MARICOPA COUNTY ATTORNEY
CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
hostallp@mcao.maricopa.gov
gottfrim@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Defendants Maricopa County and Maricopa County Sheriff Jerry Sheridan*

By:  s/ *Tanika D. Sherman*
     4932-8695-0248

5