OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Johnson, | Case No. 2:24-cv-02860-SPL--JZB |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| Phoenix, City of, et. al., | |
| Defendants. | |

The Court has reviewed the Parties' Stipulated Motion for Entry of Protective Order, and recognizes that the police body-worn camera footage relevant to the incident at issue in this case may contain personally identifying information ("PII"), as well as peace officer images; and that this information should not be produced to any third party outside this litigation. To facilitate the production of the body-worn camera footage to Plaintiff by Defendant City of Phoenix, the Court orders that the parties are bound by the terms of this Protective Order ("Order") in this action. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

IT IS THEREFORE ORDERED THAT as follows

The following Definitions shall apply in this Order:

1

A.  The term "Confidential Materials" means the approximate twenty-five to thirty (25-30) full and complete unedited and unredacted[1] body-worn camera video recordings (and all copies thereof) that will be produced by Defendants to Plaintiff.

B.  The term "Parties" includes Plaintiff Barbara Johnson, Defendants City of Phoenix and James Jarvis II, and Defendants Maricopa County and Maricopa County Sheriff Jerry Sheridan. In the event the Court permits Plaintiff any amendments to include additional defendants who are identified and served in this lawsuit, those additional defendants will be included in the term "Parties" for purposes of this Protective Order.

C.  The term "Counsel" means counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by the Parties.

The following provisions shall apply in this litigation:

1.  The Confidential Materials must not be disclosed by the Parties to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties or by order of the Court.

2.  The Confidential Materials may be viewed only by:

(a)  Parties (as defined in paragraph B, above);

(b)  Counsel (as defined in paragraph C, above) of the Parties;

(c)  Retained experts by Counsel for the Parties (if shared, retained experts must sign an addendum acknowledging this Protective Order and agreeing to be bound by the same)

(d)  The Court and any Court staff and administrative personnel, including jurors;

(e)  Any court reporter employed in this litigation and acting in that capacity; and

---

[1] Redactions must be made to remove any information that constitutes Criminal Justice Information Services (CJIS) information, which is only available to certified individuals.

(f) Employees of Defendant City of Phoenix who are required to participate in decisions with reference to this action; and

(g) Stenographic and clerical employees associated with the individuals identified above.

3. Before the Confidential Materials are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

4. The Confidential Materials shall be used solely for the prosecution or defense of this action.

5. This Order will be without prejudice to the right of any party to oppose admissibility at trial of the Confidential Materials for lack of relevance or any other ground.

6. The Confidential Materials may be disclosed to others not listed in Paragraph 2 only if: (a) the Parties consent to such disclosure; (b) the Court, after notice to and a reasonable opportunity to be heard by all affected persons, allows such disclosure; or (c) any party to whom the Confidential Materials have been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to the Parties, and permits counsel for the Parties sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

7. Nothing in this Order shall limit the Parties' use of their own documents or shall prevent the Parties from disclosing their own Confidential Materials to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict

Counsel from rendering advice to their clients, and in the course thereof, relying on the Confidential Materials.

   8. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

   9. This Order may be modified by agreement of the Parties, subject to approval by the Court.

   10. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

   11. After termination of this action, the provisions of this Order shall continue to be binding. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Confidential Materials for enforcement of the provisions of this Order following termination of this litigation.