SKC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Johnson, | No.  CV-24-02860-PHX-SPL (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Phoenix, City of, et al., | |
| Defendants. | |

Plaintiff Barbara Johnson, on behalf of herself and as personal representative of the Estate of Cassidy Stigler, filed, through counsel, this civil rights action pursuant to 42 U.S.C. § 1983 and Arizona law.  Plaintiff initiated this action in the Maricopa County Superior Court, case number CV2024-024836, and Defendants timely removed it to this Court pursuant to 28 U.S.C. § 1441(a) on the ground Plaintiff facially alleged federal causes of action.  *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").

Following removal, Defendants all moved to dismiss for failure to state a claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and the Court granted the City of Phoenix and Phoenix Police Officer James Jarvis II's (collectively, City Defendants) Motion to Dismiss and dismissed Plaintiff's claims against these Defendants without prejudice for failure to state a claim.  (Doc. 31.)  The Court also granted in part and denied in part Maricopa County and Maricopa County Sheriff Jerry Sheridan's (collectively, County Defendants) Motion to Dismiss, and it dismissed all but Plaintiff's

1   state law negligence and gross negligence claims against the County for failure to state a

2   claim. (*Id.*) Because no federal claims remained, the Court directed Plaintiff to show cause

3   why the Court should not remand this action to state court. (*Id.*) Plaintiff timely responded

4   to that Order and requests that the Court retain supplemental jurisdiction over her

5   remaining state law claims. (Doc. 32.)

6   **I.    Legal Standard**

7        Under 28 U.S.C. § 1367(c)(3), after a federal district court has dismissed all claims

8   over which it has original jurisdiction, it may, in its discretion, dismiss without prejudice

9   supplemental state law claims brought in the same action. Although a district court is not

10  required to dismiss the supplemental state law claims, "in the usual case in which all

11  federal-law claims are eliminated before trial, the balance of factors to be considered under

12  the pendent jurisdiction doctrine—judicial economy, fairness, convenience, and comity—

13  will point toward declining to exercise jurisdiction over the remaining state-law claims."

14  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Les Shockley*

15  *Racing, Inc. v. Nat' l Hot Rod Ass' n*, 884 F.2d 504, 509 (9th Cir. 1989). The Ninth Circuit

16  has "often repeated that 'in the usual case in which all federal-law claims are eliminated

17  before trial, the balance of the factors . . . will point toward declining to exercise jurisdiction

18  over the remaining state-law claims.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001

19  (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon*, 484 U.S. at 350 n.7).

20  **II.    Discussion**

21       Plaintiff argues that good cause exists for the Court to retain supplemental

22  jurisdiction over her remaining state law claims for an indeterminate time while she seeks

23  to obtain "crucial evidence" from the City, including bodycam footage of Cassidy's arrest,

24  that will allow her to determine "whether she can allege additional facts to support her

25  federal claims against [City] Defendants." (Doc. 32 at 2-3.)[1]

26

27  [1]    Although Plaintiff says she wants to determine whether she can state federal claims
    against "Defendants," generally, based on the Bodycam Video from Cassidy's arrest, this
28  evidence pertains only to possible claims against City Defendants, not County Defendants,
    who were not involved in the arrest.

1    Plaintiff requests that, instead of remanding this action to state court, "the Court

2  issue a temporary stay of this matter in order to allow sufficient time for the City to comply

3  with its public records obligations and finally produce the Bodycam Video," so that

4  Plaintiff can review the video and move to amend her Complaint, if appropriate. (*Id.* at 4.)

5  She states that, if she determines amendment would be futile, she will advise the Court she

6  has no objection to this case being remanded. (*Id.*)

7    The Court does not see a need to stay this action but will give Plaintiff 60 days to

8  file an amended complaint asserting federal claims. If Plaintiff does not file an amended

9  complaint within 60 days of this Order, the Court will remand the remaining two state law

10  claims and this action to the Maricopa County Superior Court without further notice.

11  **IT IS ORDERED:**

12    (1)    Plaintiff's obligations to respond to the Court's Order to Show Cause

13  (Doc. 31) is **discharged**.

14    (2)    Within **60 days** from the date of this Order, Plaintiff may file an amended

15  complaint to attempt to assert federal claims; if after **60 days**, Plaintiff does not amend her

16  complaint, the Court will remand this action to the Superior Court for the State of Arizona,

17  in the County of Maricopa, Case No. CV2024-024836 without further notice.

18    Dated this 28th day of October, 2025, on behalf of U.S. District Judge Steven P.

19  Logan.

20

21

22  _____

23  Dominic W. Lanza
    United States District Judge

24

25

26

27

28

- 3 -