SKC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Johnson, | No. CV-24-02860-PHX-SPL (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Phoenix, City of, et al., | |
| Defendants. | |

Plaintiff Barbara Johnson, on behalf of herself and as personal representative of the Estate of Cassidy Stigler, filed, through counsel, this civil rights action pursuant to 42 U.S.C. § 1983 and Arizona law. Plaintiff initiated this action in the Maricopa County Superior Court, case number CV2024-024836, and Defendants timely removed it to this Court pursuant to 28 U.S.C. § 1441(a) on the ground Plaintiff facially alleged federal causes of action. *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").

Following removal, Defendants all moved to dismiss for failure to state a claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and the Court granted the City of Phoenix (the City) and Phoenix Police Officer James Jarvis II's (collectively, City Defendants) Motion to Dismiss and dismissed Plaintiff's claims against these Defendants without prejudice for failure to state a claim. (Doc. 31.) The Court also granted in part and denied in part Maricopa County (the County) and Maricopa County Sheriff Jerry Sheridan's (collectively, County Defendants) Motion to Dismiss, and it dismissed all but

Plaintiff's state law negligence and gross negligence claims against the County for failure to state a claim. (*Id.*) Because no federal claims remained, the Court directed Plaintiff to show cause why the Court should not remand this action to state court. (*Id.*)

Plaintiff timely responded to the Court's Order to Show Cause, arguing that good cause exists for the Court to retain supplemental jurisdiction over her remaining state law claims while she seeks to obtain "crucial evidence" from the City, including bodycam footage of Cassidy's arrest, that will allow her to determine "whether she can allege additional facts to support her federal claims against [City] Defendants." (Doc. 32 at 2-3.)[1] She requested that, instead of remanding this action to state court, "the Court issue a temporary stay of this matter in order to allow sufficient time for the City to comply with its public records obligations and finally produce the Bodycam Video," so that Plaintiff could review the video and move to amend her Complaint, if appropriate. (*Id.* at 4.) She stated that, if she determined amendment would be futile, she would advise the Court she has no objection to this case being remanded. (*Id.*)

In an Order dated October 28, 2025, the Court declined Plaintiff's request for a stay but gave Plaintiff 60 days from the date of that Order to file an amended complaint asserting federal claims. (Doc. 35.) The Court stated if Plaintiff did not file an amended complaint within 60 days, it would remand the remaining two state law claims and this action to the Maricopa County Superior Court without further notice. Since then, more than 60 have elapsed, and Plaintiff has not sought to amend her Complaint to state federal claims.

Under 28 U.S.C. § 1367(c)(3), after a federal district court has dismissed all claims over which it has original jurisdiction, it may, in its discretion, dismiss without prejudice supplemental state law claims brought in the same action. Although a district court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under

---

[1] Although Plaintiff says she wants to determine whether she can state federal claims against "Defendants" generally, based on the bodycam video from Cassidy's arrest, this evidence pertains only to possible claims against City Defendants, not County Defendants, who were not involved in the arrest.

the pendent jurisdiction doctrine—judicial economy, fairness, convenience, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989). The Ninth Circuit has "often repeated that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon*, 484 U.S. at 350 n.7).

Because all claims over which this Court had original jurisdiction have been dismissed, the Court will decline supplemental jurisdiction of the two remaining state law claims against the County and remand this action to the Maricopa County Superior Court.

**IT IS ORDERED:**

(1) Plaintiff's remaining state law claims against the County and this action are **remanded** to the Superior Court for the State of Arizona, in the County of Maricopa, Case No. CV2024-024836, pursuant to Rule 1441(c)(2) of the Federal Rules of Civil Procedure.

(2) The Clerk of Court must mail a **certified copy** of this Order to:

Clerk of the Superior Court

Maricopa County, Arizona Superior Court

201 West Jefferson Street

Phoenix, Arizona 85003-2205

(3) The Clerk of Court is directed to **terminate** this action.

Dated this 7th day of January, 2026.

Honorable Steven P. Logan
United States District Judge